19-3011
*United States v. Robinson*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of September, two thousand twenty.

Present:
> ROBERT D. SACK,
> ROBERT A. KATZMANN,
> RICHARD C. WESLEY,
> *Circuit Judges*.

_____

United States of America,

> *Appellee*,

> v.                                                      19-3011

Richard Anderson, AKA Pretty, AKA Pretty Ricky, Henry Beard, AKA Ju Ju, Justin Belle, AKA Jus, AKA Just Blaze, Mikell Butler, AKA Kells, Lisandro Brown, AKA C, Tommie Caldwell, T-Boy, AKA Tommie Gun, Shaquan Hayes, AKA Quan, Eric Harris, AKA Easy E, AKA E, AKA e, Ricardo Henderson, AKA Ruckus, AKA Mateo, AKA Teo, Qierre Jacobs, AKA Stacks, AKA Q-stacks, Charles Lewis, Jr., AKA Chuck D, Arsheen Montgomery, AKA Dudie, Phillip Moore, AKA Skrilla, AKA P-crack, AKA Big Phil, Curtis Perkins, AKA Curt, Quintel Raysor, AKA Quinny, AKA Q Da Don, Leon Robinson, AKA Eon, AKA E-Blix, Jose Serrano, AKA Rico, Kawaun Wiggins, AKA Doughboy, DaShae Harris, Kadeem Pell,

DeShawn Tarver, Charles Edwards, Brian Wilder,
Jamie Baker, Val Socinski, Kevin Roundsville,
Charles Procella,

                    *Defendants*,

Kwame Robinson, AKA Kwa,

                    *Defendant-Appellant*.

_____

For Appellee:                          Thomas R. Sutcliffe, Assistant United States
                                       Attorney, *for* Grant C. Jaquith, United States
                                       Attorney for the Northern District of New
                                       York, Syracuse, NY.

For Defendant-Appellant:               Molly K. Corbett, Assistant Federal Public
                                       Defender, *for* Lisa Peebles, Federal Public
                                       Defender for the Northern District of New
                                       York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of

New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**

**DECREED** that the judgment of the district court is **AFFIRMED**.

Kwame Robinson appeals from a judgment of the United States District Court for the

Northern District of New York (Hurd, *J.*) revoking his supervised release and sentencing Robinson

to 18 months' imprisonment after finding that Robinson had violated the terms of his supervised

release. We assume the parties' familiarity with the underlying facts, the procedural history of the

case, and the issues on appeal.

Robinson argues that the district court's above-Guidelines 18-month sentence is

unreasonable because the district court failed to adequately explain its reasons for imposing the

sentence during sentencing or in a subsequently filed written statement of reasons.[1]  In reviewing

Robinson's challenge to his sentence, "our standard is reasonableness, a particularly deferential

form of abuse-of-discretion review that we apply both to the procedures used to arrive at the

sentence (procedural reasonableness) and to the length of the sentence (substantive

reasonableness)." *United States v. Broxmeyer*, 699 F.3d 265, 278 (2d Cir. 2012); *see also United

States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005) ("The standard of review on the appeal of a

sentence for violation of supervised release is now the same standard as for sentencing generally:

whether the sentence imposed is reasonable.").[2]

A district court commits procedural error where it improperly calculates the Sentencing

Guidelines range, fails to consider the factors enumerated in 18 U.S.C. § 3553(a), rests its

sentence on a clearly erroneous finding of fact, or fails adequately to explain its chosen

sentence. *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). "A major

departure [from the Guidelines range] should be supported by a more significant justification

than a minor one." *United States v. Stewart*, 590 F.3d 93, 168 (2d Cir. 2009) (Walker, *J.*,

concurring in part). We, however, "require less rigorous specificity where . . . a court sentences a

defendant for violation of supervised release." *United States v. Aldeen*, 792 F.3d 247, 253 (2d

Cir. 2015), *as amended* (July 22, 2015), *abrogated on other grounds by United States v. Smith*,

949 F.3d 60 (2d Cir. 2020). Although "sentencings in revocation proceedings are often

conducted in a more informal manner than sentencings in the underlying criminal cases," a

district court must "sufficiently explain its reasoning so that the parties, the public, and a

---

[1]  We construe Robinson's brief as challenging the procedural and substantive reasonableness of his 18-month sentence.

[2]  Unless otherwise indicated, in quoting cases, we omit all internal citations, quotation marks, footnotes, and alterations.

reviewing court can understand the justification for the sentence." *Id.* at 255.

In reviewing a challenge to the substantive reasonableness of a sentence, "we take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *United States v. Douglas*, 713 F.3d 694, 700 (2d Cir. 2013). "We set aside a district court's sentence as substantively unreasonable only if affirming it would damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *Id*.

Applying these standards, we affirm the sentence imposed by the district court. Robinson's challenge to the adequacy of the district court's written statement of reasons is foreclosed by this Court's decision in *Smith*, in which we held that, until either the Judicial Conference or Sentencing Commission issues the appropriate form, a district court is not required to complete a written statement of reasons form for a violation of supervised release sentence that is outside the Guidelines range. 949 F.3d at 65.

Moreover, the district court adequately explained its chosen sentence during sentencing. It noted that Robinson previously violated the terms of his supervised release and that it had modified the conditions of his supervised release to include a curfew and a prohibition on visiting bars—conditions that Robinson expressly violated here. The district court also emphasized the violent nature of Robinson's instant violations, which included an assault on a woman who Robinson encountered at a bar. The court's discussion of the violent nature of Robinson's violations makes clear that it viewed a Guidelines sentence as inadequate to serve the purposes of sentencing, and we find that it did not err in imposing its chosen sentence. We also conclude that, as a substantive matter, this is not one of the "exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *See Cavera,* 550

4

F.3d at 189.

We have considered Robinson's remaining arguments on appeal and have found in them no basis for reversal. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk