19-1754
*United States v. Hunt*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of October, two thousand twenty.

PRESENT:
> REENA RAGGI,
> RICHARD J. SULLIVAN,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

—————————————————————————

United States of America,

*Appellee*,

v.                                                19-1754

Michael Hunt, AKA Scarface Mike,

*Defendant - Appellant*.[*]

—————————————————————————

---

[*] The Clerk of Court is respectfully directed to amend the caption as set forth above.

**For Appellant:**             Michael Keith Bachrach, Law Office of Michael K. Bachrach, New York, NY.

**For Appellee:**             Nicholas William Chiuchiolo, Matthew David Podolsky, Assistant United States Attorneys, *for* Audrey Strauss, Acting United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (P. Kevin Castel, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment entered on June 12, 2019 is **AFFIRMED**.

Defendant-Appellant Michael Hunt, who was convicted in 2007 following his guilty plea to multiple counts of drug trafficking and sentenced to 60 months' incarceration and four years' supervised release, now appeals the judgment revoking his supervised release and sentencing him to an additional 30 months' imprisonment. Hunt contends that his sentence is both procedurally and substantively unreasonable because the district court (1) placed undue weight on the criminal conduct underlying his violation, (2) failed to adequately explain the

reasons for the sentence, and (3) did not properly consider mitigating circumstances. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

## *Standard of Review*

"Sentences for violations of supervised release are reviewed under the same standard as for sentencing generally: whether the sentence imposed is reasonable." *United States v. Brooks*, 889 F.3d 95, 100 (2d Cir. 2018) (internal quotation marks omitted). "Reasonableness is reviewed under a deferential abuse-of-discretion standard." *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020) (internal quotation marks omitted). Where, as here, a defendant does not raise "procedural objections to the district court at the time of sentencing, we review his claims for plain error." *United States v. Verkhoglyad*, 516 F.3d 122, 128 (2d Cir. 2008).

## *Discussion*

Hunt argues that his sentence is both procedurally and substantively unreasonable. We disagree.

"A sentence is procedurally unreasonable if the district court fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the

3

Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *Smith*, 949 F.3d at 66 (internal quotation marks omitted). Although the district court must explain its reasons for the sentence, "we do not require district courts to engage in the utterance of robotic incantations when imposing sentences in order to assure us that they have weighed in an appropriate manner the various section 3553(a) factors." *Id.* (internal quotation marks omitted).

Here, the district court described at length its reasons for going above the advisory Guidelines range of 12 to 18 months' imprisonment. After stating that it had considered the relevant statutory factors, the court observed that it was "taking account of the serious breach of trust" reflected by Hunt's latest violation of supervision, a 2016 assault in which he slashed a victim's neck with a knife at the Port Authority bus terminal. App'x at 118. The court also noted Hunt's numerous "prior breach[es] of trust" from previous violations of supervised release that included two separate robberies. *Id.* at 119. At first, the district court had modified Hunt's supervision to add 100 hours of community service, which Hunt failed to perform. And after Hunt admitted to committing two robberies,

the court revoked Hunt's term of supervision and sentenced him to 16 months' imprisonment followed by three years supervision. Although the court carefully considered the possibility that Hunt may suffer from mental illness – a suggestion raised by defense counsel without evidence of a diagnosis – the court was nevertheless troubled that Hunt "has not in any way paid heed to" the terms of supervised release. *Id.*

Importantly, the record belies any suggestion that the district court placed undue weight on the particulars of the criminal conduct that formed the basis for the violation; indeed, the court expressly disclaimed considering the criminal conduct beyond the breach of trust that it reflected, explaining that "the consequences [for it] are separately punished as a state law crime." *Id.* at 120. On this record, therefore, we identify no procedural error – much less plain error.

As to substantive reasonableness, we "will set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Brown*, 843 F.3d 74, 82 (2d Cir. 2016) (internal quotation marks omitted). Again, we find no reversible error on this record. As the district court noted, Hunt has repeatedly violated his terms of supervised release, and the court's

5

previous interventions – assigning Hunt community service and later sentencing him to a 16-month prison term – had no effect.   Given these repeated breaches of trust, Hunt's 30-month sentence is neither "shockingly high," *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009), nor otherwise substantively unreasonable.

## *Conclusion*

We have considered Hunt's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court