*United States v. Desuze*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

   **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of December, two thousand twenty.**

PRESENT: JOSÉ A. CABRANES,
     SUSAN L. CARNEY,
        *Circuit Judges,*
     RICHARD K. EATON,
        *Judge.*[*]

UNITED STATES OF AMERICA,

     *Appellee,*        19-2954

     v.

PARRIS DESUZE, AKA KETCHUP,

     *Defendant-Appellant,*

SOLOMON ARTIS, AKA LIGHT, AKA SPAZ, LEONARD BARLETTO,

---

[*] Judge Richard K. Eaton, of the United States Court of International Trade, sitting by designation.

AKA Boots, Courtney Coy, AKA Styles, Andre Holman,
AKA Dre, Derrick Bienaime, AKA Millz, AKA Ciroc Boss,
Conell Brogdon, AKA Nellz, AKA Snelz, AKA Midget, AKA
Midge, Davon Brown, AKA Chico, Malik Campbell, AKA
Indi, Stanley Cherenfant, AKA Banger, Steven Cherenfant,
AKA Stevens Cherenfant, AKA Beans, Aikiam Floyd, AKA
Ock, Brandon Greenidge, AKA B3, Cory Harris, AKA William
Harris, AKA C, Jamar Harry, AKA Bricks 642, Jeffrey Joseph,
Shawn Newland, AKA Hela Bandz, Silbert Nicholson, AKA
Rico, Zadek Orgias, AKA Z., Cordero Passley, AKA Looney,
Gabriel Patterson, Stephon Rene, AKA Shorty, AKA Lil Banger,
Akeem Watson, AKA Monks,

*Defendants.*

---

**FOR DEFENDANT-APPELLANT:**          Susan J. Walsh (Kathleen Riley, *on the brief*), Vladeck, Raskin & Clark, P.C., New York, NY.

**FOR APPELLEE:**          Allon Lifshitz, Assistant United States Attorney (Susan Corkery, Assistant United States Attorney, *on the brief*), *for* Seth DuCharme, Acting United States Attorney, Eastern District of New York, Brooklyn, NY.

Appeal from a September 20, 2019 judgment of conviction of the United States District Court for the Eastern District of New York (William F. Kuntz, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Parris Desuze ("Desuze") appeals his sentence of 210 months of imprisonment for racketeering conspiracy. At a September 5, 2019 hearing, the District Court sentenced Desuze to 210 months of imprisonment. The District Court issued a written memorandum and order the next day. This appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Desuze challenges the procedural reasonableness of his sentence, arguing, *inter alia*, that the District Court did not adequately explain its reasons for imposing a sentence of 210 months of imprisonment. "We review a sentence for procedural [] reasonableness under a deferential abuse-of-discretion standard."[1] We find a sentence to be procedurally unreasonable where the district court "fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence."[2] Furthermore, because Desuze did not lodge an objection on this basis at sentencing, we review only for plain error.[3]

A district court is required, under 18 U.S.C. § 3553(c), to "state in open court the reasons for its imposition of [a] particular sentence." Here, the District Court discussed the various positions of the parties with respect to different points of contention, adopted the facts as set forth in the PSR, and systematically considered each of the Section 3553(a) factors, both at the hearing and in its written order. We cannot conclude that the District Court plainly erred in imposing the sentence that it did.

Desuze also argues that his sentence is substantively unreasonable in light of "his background, personal history, and charges."[4] We will vacate a sentence as substantively unreasonable only in "exceptional cases where the trial court's decision cannot be located within the range of permissible decisions."[5] Generally, we only find substantive unreasonableness only when a sentence is "so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing [it] to stand would damage the administration of justice."[6]

Here, the District Court considered all these circumstances. On reviewing the record as a whole—including Desuze's leadership of two violent gangs, his role in conspiring to murder two rival gang members, and his allocution, in which he acknowledged committing two charged

---

[1] *United States v. Singh*, 877 F.3d 107, 115 (2d Cir. 2017) (internal quotation marks omitted).

[2] *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013) (internal quotation marks omitted).

[3] *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020) ("Where, as here, a defendant does not object at sentencing to a district court's failure to explain its reasoning, we review the procedural challenge for plain error."); *United States v. Cassesse*, 685 F.3d 186, 188 (2d Cir. 2012). In conducting plain-error review of sentencing issues, we have stated "that when the district court's statement provides 'an insufficient basis . . . for us to determine why the district court did what it did,' that is an error that affects a defendant's 'substantial rights.'" *United States v. Ware*, 577 F.3d 442, 452 (2d Cir. 2009) (quoting *United States v. Lewis*, 424 F.3d 239, 247 n.5 (2d Cir. 2005)).

[4] Desuze Br. 32.

[5] *United v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (internal quotation marks omitted).

[6] *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (internal quotation marks omitted).

racketeering acts—we cannot conclude that Desuze's sentence "cannot be located within the range of permissible decisions."[7]

## CONCLUSION

We have reviewed all of the arguments raised by Desuze on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the District Court's September 20, 2019 judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[7] *Cavera*, 550 F.3d at 189.