United States v. Smith

# United States Court of Appeals
## For the Second Circuit

August Term 2019

Submitted: September 9, 2019
Decided: February 3, 2020

No. 17-3930

UNITED STATES OF AMERICA,

*Appellee,*

*v.*

KARIM SMITH,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of New York
No. 15-cr-59, Sharpe, *Judge.*

Before: WESLEY, CHIN, AND SULLIVAN, *Circuit Judges.*

Defendant-Appellant Karim Smith challenges the procedural and substantive reasonableness of his sentence upon violation of supervised release. Overturning precedent to the contrary through the mini-*en banc* process, we hold that a district court is not required to complete a written statement of reasons form for a sentence upon violation of supervised release because neither the Judicial Conference nor the Sentencing Commission has issued a form for that purpose.

We further determine that the sentence imposed by the district court was both procedurally and substantively reasonable. Accordingly, we affirm the court's judgment.

AFFIRMED.

PAUL D. SILVER, Assistant United States Attorney (Michael S. Barnett, Assistant United States Attorney, *on the brief*), *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Albany, New York, *for Appellee* United States of America.

MOLLY CORBETT, Assistant Federal Public Defender (James P. Egan, Assistant Federal Public Defender, *on the brief*), *for* Lisa A. Peebles, Federal Public Defender for the Northern District of New York, Albany, New York, *for Defendant-Appellant* Karim Smith.

RICHARD J. SULLIVAN, *Circuit Judge*:

Karim Smith challenges the procedural and substantive reasonableness of his sentence following his violation of supervised release ("VOSR"). He maintains that the sentence is procedurally unreasonable because the district court (Sharpe, *J.*) (1) did not adequately explain the reasons for it, (2) placed undue weight on the nature of Smith's new criminal conduct to the exclusion of his breach of the court's trust, and (3) failed to provide a written statement of reasons ("SOR") for the sentence. He also contends that the sentence is substantively unreasonable

2

because the court's proffered justification does not support it. Smith's claims are rejected. We **AFFIRM**.

I.

Smith originally pleaded guilty to two counts of distributing heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The district court sentenced him principally to six months' imprisonment and six years' supervised release. Shortly after he was released, Smith violated the terms of his supervised release by (1) engaging in new criminal activity, (2) associating with a felon, (3) failing to secure and maintain legitimate employment, and (4) testing positive for the use of alcohol. Specifically, Schenectady police arrested Smith for his involvement in a "physical altercation," during which he drew a handgun and fired a shot at one of the persons involved, striking him in the leg. A New York state court jury convicted Smith of two counts of criminal possession of a weapon in the second degree, one count of assault in the second degree, one count of criminal possession of a weapon in the third degree, and reckless endangerment in the second degree. The state court sentenced him to twelve years' imprisonment.

Following his state court conviction, Smith appeared before the district court for a VOSR hearing on his alleged violations. During that proceeding, Smith

admitted to the state crime of criminal possession of a weapon in the second degree for which he was convicted, in full satisfaction of the specifications in the amended violation petition, and the court immediately proceeded to sentencing. The advisory Guidelines range for Smith's violation was four to ten months' imprisonment with a statutory maximum of three years. Urging the court to impose the three-year maximum term of imprisonment, the government contended that "the guidelines understate[d] the severity of the violation," App. at 141, noting that Smith had been "carrying a loaded and concealed firearm a mere eight months into his supervision," which he used to "sho[o]t into a group of people without ever seeing anyone produce a gun," *id.* at 142. The government also argued that Smith "posed a danger to his probation officer," and that he had severely breached the court's trust. *Id.* Finally, the government averred that the maximum term of imprisonment would protect the public, provide Smith the opportunity to mature and reform his conduct, and serve the sentencing objectives in 18 U.S.C. § 3553(a).

After hearing from defense counsel and Smith, the district court explained that "the sole issue is . . . [w]hat is an appropriate sentence that will vindicate the nature of the supervised release violation here." *Id.* at 146. The court recalled

4

testimony from an evidentiary hearing conducted in connection with Smith's original sentencing in which it was alleged that Smith possessed a gun, and noted that it had "said a thousand times I have no patience for the gun whatsoever." *Id.* at 147. The district court further observed that Smith fired a gun and shot somebody in the leg and remarked that the shooting easily could have resulted in that person's death or in death or injury to a child or innocent bystander. The district court considered Smith's contention that he needed the gun to protect himself, but rejected it.

The district court then sentenced Smith to two years' imprisonment, to run consecutive to the undischarged state term, which the court deemed necessary "[t]o vindicate the interest here in light of the substantiality of the underlying state sentence." *Id.* The district court stated that an above-Guidelines sentence was warranted given the severity of Smith's conduct and the potential for injury or death to others. The district court further explained that "it's essential under my evaluation of the sentencing factors to send the message that federal courts have no patience for guns, for gun violence, and that's what it takes to vindicate the interest here." *Id.* at 148.

Smith objected to what he characterized as "the [c]ourt's consideration of and articulation of circumstances underlying the sentencing issue at the prior proceeding." *Id.* at 149. To "make it clear for the circuit," the district court responded that it was not imposing the sentence "as a result of anything that occurred in the prior conviction," but "because of the gun violence associated with this violation, and that's what's essential to vindicate the federal interest." *Id.*

On appeal, Smith challenges the procedural and substantive reasonableness of his sentence. He contends that the sentence is procedurally unreasonable because the district court (1) did not adequately explain the justification for imposing an above-Guidelines sentence, (2) placed inordinate weight on factors other than the breach of the court's trust, and (3) did not provide an adequate written SOR for the sentence. He maintains that the sentence is substantively unreasonable because the court's justification was insufficient to support it.

II.

Before turning to the merits of Smith's arguments, we must first determine the scope of a district court's obligation to explain its reasoning for a resentencing following a VOSR. As a general matter, district courts must complete a written SOR form in connection with sentences imposed when a defendant is originally

convicted. 18 U.S.C. § 3553(c)(2). Relying on the same statute, we have also held on several occasions that a sentencing court must set forth the reasons for a VOSR sentence that is outside an advisory Guidelines range "in writing—with specificity in a[n] [SOR] form that is part of the judgment." *United States v. Aldeen*, 792 F.3d 247, 251–52 (2d Cir. 2015) (internal quotation marks and citation omitted) (citing *United States v. Sindima*, 488 F.3d 81, 85 (2d Cir. 2007)); *see also, e.g., United States v. Paige*, 531 F. App'x 122 (2d Cir. 2013). However, because those holdings were based on a prior version of § 3553(c)(2) that was amended in 2010, we now conclude that this line of cases should no longer be binding precedent in this Circuit.

We held in 2005 that § 3553(c)(2) applies in supervised release and probation revocation proceedings. *United States v. Lewis*, 424 F.3d 239, 244–45 (2d Cir. 2005). However, at that time (and until May 2010), § 3553(c)(2) specifically stated that when a court imposes a sentence outside the Guidelines range, its reasons for doing so "must also be stated with specificity in the written order of judgment and commitment." 18 U.S.C. § 3553(c)(2) (2006). Accordingly, a district court erred if it gave an oral but not written explanation for why it imposed a non-Guidelines sentence in a supervised release or probation proceeding, and this Court was

7

permitted (but not required) to remand the case to the district court "to satisfy the ministerial duty to memorialize its stated reasons in the written order of judgment." *United States v. Verkhoglyad*, 516 F.3d 122, 137 (2d Cir. 2008) (citing 18 U.S.C. § 3553(c)(2) (2006)).

In May 2010, however, § 3553(c)(2) was amended. The provision now provides that, when a court imposes a sentence outside the Guidelines range, the "reasons must also be stated with specificity in a[n] [SOR] form issued under section 994(w)(1)(B) of title 28." 18 U.S.C. § 3553(c)(2) (2019). Section 994(w)(1) describes the written report that each district court must submit to the Sentencing Commission "following entry of judgment." As explained in that section, the report must include a number of documents, one of which is "the written [SOR] . . . (which shall include the reason for any departure from the otherwise applicable guideline range and which shall be stated on the *written [SOR] form issued by the Judicial Conference and approved by the United States Sentencing Commission*)." 28 U.S.C. § 994(w)(1)(B) (emphasis added). As amended, § 3553(c)(2) now requires that a written SOR be completed on a corresponding form issued under § 994(w)(1)(B). To date, no such form has been issued by the Judicial Conference or the Sentencing Commission for sentences imposed for

8

violations of supervised release or probation. *Criminal Justice Forms*, Admin. Office of the U.S. Courts, https://www.uscourts.gov/forms/criminal-judgment-forms (last visited Feb. 3, 2020). Thus, unlike the form issued for judgments following the initial sentencing (AO 245B), the form issued for judgments following sentencing for a VOSR (AO 245D) does not include a section for an SOR.

Since the 2010 amendment to § 3553(c)(2), we are one of only two courts to have held that a written SOR is required for a VOSR sentence. *See United States v. Parks*, 823 F.3d 990, 992–94 (11th Cir. 2016).[1] To the extent that our prior cases have held that a district court *is* required to complete a written SOR following a VOSR, those cases either relied on an outdated version of the statute or failed to consider that the Judicial Conference has yet to issue, and the Sentencing Commission has yet to approve, a "statement of reasons form" pursuant to § 994(w)(1)(B). In the absence of such a form, it is, as a practical matter, impossible for the district court to comply with the amended version of § 3553(c)(2). And though one could question why the Judicial Conference and Sentencing Commission have failed to

---

[1] One other circuit has expressly rejected the view that § 3553(c)(2) requires a written SOR for a VOSR sentence, albeit in an unpublished opinion. *United States v. Alvarado*, 448 F. App'x 197, 201–02 (3d Cir. 2011). Another circuit has been presented with the opportunity to adopt that view and declined to do so, finding it unnecessary to decide the question since the error, if any, was harmless to the defendant. *United States v. Lee*, 897 F.3d 870, 873–74 (7th Cir. 2018).

issue such a form since the 2010 Amendment, it makes little sense to hold district courts accountable for that failure or to compel them on remand to concoct a form that they are not authorized to create in the first place. Moreover, because the written SOR is designed to assist the Sentencing Commission in "collect[ing] . . . and disseminat[ing] information concerning sentences actually imposed," 28 U.S.C. § 995(a)(15), and because § 3553(c) still requires the sentencing judge to "state in open court the reasons for its imposition of the particular sentence," the lack of a written SOR will have no impact on the substantive rights of the defendant.

We recognize, of course, that a panel of our Court is "bound by the decisions of prior panels until such time as they are overruled either by an en banc panel of our Court or by the Supreme Court," *United States v. Wilkerson*, 361 F.3d 717, 732 (2d Cir. 2004), and thus ordinarily we cannot overturn an existing Circuit precedent. However, we have circulated this opinion to all active members of this Court prior to filing. *See, e.g.*, *Doscher v. Sea Port Grp. Sec., LLC*, 832 F.3d 372, 378 (2d Cir. 2016); *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 107 & n.2 (2d Cir. 2015); *Diebold Found., Inc. v. Comm'r of Internal Revenue*, 736 F.3d 172, 183 & n.7 (2d Cir. 2013); *Doe v. Bin Laden*, 663 F.3d 64, 70 & n.10 (2d Cir. 2011); *Shipping Corp. of India*

10

*Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58, 67 & n.9 (2d Cir. 2009); *United States v. Crosby*, 397 F.3d 103, 105 n.1 (2d Cir. 2005), *abrogated on other grounds by United States v. Fagans*, 406 F.3d 138 (2d Cir. 2005); *Jacobson v. Fireman's Fund Ins. Co.*, 111 F.3d 261, 268 n.9 (2d Cir. 1997).[2]  Therefore, we now hold that unless and until the Judicial Conference and Sentencing Commission issue a written SOR form for VOSR sentences in compliance with § 994(w)(1)(B), the sentencing judge need not file a written statement of reasons for a VOSR sentence that is outside the advisory Guidelines range.  Having resolved this preliminary issue, we now turn to the merits of Smith's remaining contentions.

## III.

"Sentences for violations of supervised release are reviewed under the same standard as for sentencing generally:  whether the sentence imposed is reasonable."  *United States v. Brooks*, 889 F.3d 95, 100 (2d Cir. 2018) (internal quotation marks and citations omitted).  Reasonableness is reviewed "under a deferential abuse-of-discretion standard."  *See United States v. Betts*, 886 F.3d 198,

---

[2] This process is often referred to as a "mini-*en banc*."  *See United States v. Parkes*, 497 F.3d 220, 230 n.7 (2d Cir. 2007); Jon O. Newman, *The Second Circuit Review—1987–1988 Term: Foreword: In Banc Practice in the Second Circuit, 1984–1988*, 55 Brook. L. Rev. 355, 367–68 (1989) (explaining that Second Circuit panels will occasionally circulate opinions "prior to filing when the panel deems it important for the full court to be aware of what the panel proposes to say").

201 (2d Cir. 2018) (internal quotation marks and citations omitted). Where, as here, a defendant does not object at sentencing to a district court's failure to explain its reasoning, we review the procedural challenge for plain error. *Aldeen*, 792 F.3d at 253.

A sentence is procedurally unreasonable if the district court "fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013) (citation omitted). While the degree of specificity required for the reasons behind a VOSR sentence is less than that for plenary sentencing, *see Verkhoglyad*, 516 F.3d at 132–33, the court must still state its reasons in open court, *Aldeen*, 792 F.3d at 251. Nevertheless, "[w]e have declined to articulate precise standards for assessing whether a district court's explanation of its reason for imposing a non-Guidelines sentence is sufficient." *United States v. Pereira*, 465 F.3d 515, 524 (2d Cir. 2006). Significantly, "we do not require district courts to engage in the utterance of 'robotic incantations' when imposing sentences in order to assure us that they have

weighed in an appropriate manner the various section 3553(a) factors." *Sindima*, 488 F.3d at 85 (citations omitted).

Here, the district court articulated its reasons for imposing the above-Guidelines sentence in open court, focusing on Smith's possession and use of a firearm, stating "I am not imposing this two-year sentence as a result of anything that occurred in the prior conviction. I'm imposing it because of the gun violence associated with this violation, and that's what's essential to vindicate the federal interest." App. at 149. The court further noted that the gun posed a danger to the supervising probation officers, as well as to members of the community. The court acknowledged that it was departing from the Guidelines but noted that the sentence imposed was still below the statutory maximum. On this record, we conclude that the district court clearly explained in open court its reasons for imposing an above-Guidelines sentence. Accordingly, we find no procedural error, let alone plain error, warranting resentencing.

Review for substantive unreasonableness requires that we consider "the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *United States v. Brown*, 843 F.3d 74, 80 (2d Cir. 2016) (citation omitted).

13

We reverse for substantive unreasonableness "only when the trial court's sentence cannot be located within the range of permissible decisions." *Id.* (internal quotation marks and citation omitted).

We see no reason to reverse the sentence here. Just under eight months after leaving prison and commencing his term of supervised release, Smith discharged a handgun into a group of people during an altercation, injuring one person. The district court observed that he easily might have missed his target and killed an innocent bystander. An above-Guidelines sentence was appropriate, the court explained, because it was necessary to vindicate the federal interest and communicate the message that "federal courts have no patience for guns [or] for gun violence." App. at 148. The district court acknowledged the various mitigating factors identified by Smith's counsel, including that the environment in which Smith lived left him feeling "the need to carry a gun to protect" himself. *Id.* at 147. Nonetheless, the two-year sentence does not "shock the conscience" or constitute a "manifest injustice," as it is not "shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123–24 (2d Cir. 2009). Accordingly, Smith's substantive reasonableness challenge also fails.

IV.

We have considered Smith's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the district court's judgment.