*United States v. Leggett*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of October, two thousand twenty-one.

PRESENT: RICHARD C. WESLEY,
RICHARD J. SULLIVAN,
*Circuit Judges*,
JOHN G. KOELTL,
*District Judge.*[*]

-----------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                              No. 20-2811

---

[*] Judge John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

DANTE BARNES, aka Tre,

        *Defendant*,

JAQUAN LEGGETT, aka Tipsy,

        *Defendant-Appellant*.

-------------------------------------------------------------------

FOR DEFENDANT-APPELLANT:    PAUL J. ANGIOLETTI, Staten Island, NY.

FOR APPELLEE:    BRIAN P. LEAMING, Assistant United States Attorney (Sandra S. Glover, Assistant United States Attorney, *on the brief*), *for* Leonard C. Boyle, Acting United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Shea, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment is **AFFIRMED**.

Defendant-Appellant Jaquan Leggett appeals from the judgment of the district court sentencing him to 92 months' imprisonment and five years of supervised release after Leggett pleaded guilty, pursuant to a plea agreement, to one count of possession with the intent to distribute fentanyl and cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). Leggett argues that the sentence he

received is procedurally unreasonable because the district court erroneously attributed to him drugs that were outside the scope of his jointly undertaken criminal activity. He further contends that his sentence is substantively unreasonable due to several alleged flaws in the court's rationale at sentencing. We disagree.

At sentencing, a district court may hold a defendant responsible for "all acts and omissions of others that were . . . within the scope of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B) (2015). Courts may consider "any explicit agreement or implicit agreement fairly inferred from the conduct of the defendant and others" to determine the scope of such activity. *Id.*, cmt. n.3(B). Factors relevant in determining the scope of a defendant's jointly undertaken scheme include the extent to which the defendant and others pooled profits and resources, their joint participation in designing and executing a criminal scheme, and the defendant's role in the operation. *See United States v. Studley*, 47 F.3d 569, 575 (2d Cir. 1995).

Leggett contends that (1) although he participated in a drug scheme with his codefendant Dante Barnes, he was a limited partner in that scheme, and (2) he had no "clear nexus" to the drugs sold by Barnes and recovered from Barnes's

residence. Leggett Br. at 29–30. Leggett argues that the court improperly conflated the scope of the drug conspiracy with the scope of his jointly undertaken criminal conduct and thus erroneously attributed additional drug amounts to him. Leggett also contends that the disparity in money recovered from his house – just $118 compared to more than $23,000 seized from Barnes's residence – demonstrates that they did not pool profits.

A sentence is procedurally unreasonable when it is based on clearly erroneous facts. *See United States v. Jones*, 531 F.3d 163, 170 (2d Cir. 2008). Although the U.S. Sentencing Commission has noted that the scope of a defendant's criminal activity is "*not necessarily* the same as the scope of the entire conspiracy," U.S.S.G. § 1B1.3 cmt. n.3(B) (emphasis added), here the district court reasonably found that the scope of the conspiracy and the scope of the jointly undertaken activity were the same. The court's conclusion that Barnes and Leggett worked together, and that Barnes's activities and sales were within the scope of the pair's agreed-upon conduct, was amply supported by a host of exhibits and testimony introduced at Leggett's contested sentencing hearing. For starters, the evidence demonstrated that Barnes packaged drugs in Leggett's apartment and sold drugs in front of that same apartment. In addition, surveillance reports

4

reflected that Barnes came and left the apartment – often in the middle of undercover drug transactions – when only Leggett was likely to be there. The search of Leggett's apartment resulted in the seizure of substantial drug packaging materials strewn throughout Leggett's apartment; the search also revealed that Barnes and Leggett used the same packaging materials to prepare fentanyl. Finally, the government introduced the audio recording of a prison phone call between the two men after their arrest in which they openly speculated as to the identity of the confidential informant responsible for their predicament. All of this evidence supported the district court's conclusion that the two men were engaged in a criminal partnership in which Leggett was, if anything, the senior partner. Leggett argues that the district court ignored the "equally plausible interpretation" that Barnes was in charge of the drug operation and that Leggett's agreed-to scope of activity was narrower. Leggett Br. at 39. But "where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Abiodun*, 536 F.3d 162, 170 (2d Cir. 2008) (internal quotation marks omitted). Accordingly, Leggett has failed to show that his sentence is procedurally unreasonable.

As for Leggett's challenge to the substantive reasonableness of his sentence, we review such challenges under a deferential abuse-of-discretion standard, *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020), which permits us to set aside a sentence only when it is "so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing [it] to stand would damage the administration of justice," *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (internal quotation marks omitted). Although Leggett asserts a grab bag of arguments that purport to undermine the substantive reasonableness of his 92-month sentence, none is persuasive.

First, the district court acted within its discretion when it considered Leggett's false statements and attempts to "manipulate the system" at his *Fatico* hearing as relevant to the § 3553(a) factors, even though the same conduct also supported denial of credit for acceptance of responsibility and an enhancement for obstruction of justice under the Sentencing Guidelines. App'x at 130; *see United States v. Adekanbi*, 675 F.3d 178, 187 (2d Cir. 2012) (recognizing that the sentencing court may rely on the same conduct to impose multiple adjustments when those adjustments "aim at different harms emanating from the same conduct" (internal quotation marks and citation omitted)).

Second, while Leggett insists that his Guidelines sentence constituted an unwarranted disparity when compared to Barnes's below-Guidelines sentence of 60 months, *see* 18 U.S.C. § 3553(a), Leggett himself acknowledges that he and Barnes were not similarly situated, because Barnes did not obstruct justice by giving "obviously untrue testimony" at the *Fatico* hearing – conduct that resulted in a two-level enhancement for obstruction of justice and the denial of a three-level reduction for acceptance of responsibility for Leggett. Leggett Br. at 48.

Third, Leggett's contention that the government manipulated his sentence by dictating the amounts of drugs that an informant purchased from Leggett during a series of controlled buys is unavailing. As Leggett concedes, "[s]entencing manipulation is a concept not yet recognized by this Circuit, and, in any event, requires a showing of outrageous conduct," Leggett Br. at 50 (citing *United States v. Cromitie*, 727 F.3d 194, 226 (2d Cir. 2013)) – conduct not present here.

Finally, Leggett's argument that he would have qualified for a lower criminal history category had he not sold drugs on the final day of his previously imposed term of supervised release is a non-starter. The assessment of two additional criminal history points for individuals who commit crimes "while

under a criminal justice sentence" such as probation or supervised release, U.S.S.G. § 4A1.1(d), is wholly rational, and Leggett's insistence that he *almost* did not violate his conditions of supervised release hardly renders his sentence "shockingly high" or does "damage [to] the administration of justice," *Broxmeyer*, 699 F.3d at 289. Moreover, the record reflects that Leggett's involvement in drug crimes began well before the day of the government's first controlled buy, as Leggett himself admitted that he purchased crack cocaine with the intention of selling it as early as January 3, 2019 – nearly a month before the termination of his term of supervised release.

For all these reasons, we conclude that the district court's imposition of a 92-month sentence was substantively reasonable.

*           *           *

We have considered the remainder of Leggett's arguments and find them to be without merit. Accordingly, we AFFIRM the sentence imposed by the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8