United States v. Kortbawi

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of October, two thousand twenty-one.

PRESENT:    Dennis Jacobs,
             Steven J. Menashi,
                *Circuit Judges,*
             Lewis J. Liman,
                *District Judge.*\*

_____

United States of America,

        *Appellee*,

      v.                               No. 21-679

Jason Kortbawi, AKA Sealed Defendant 1,

        *Defendant-Appellant*,

---

\* Judge Lewis J. Liman of the United States District Court for the Southern District of New York, sitting by designation.

Casius Ernest, AKA Ernest Casius, Equan
Latham, Michael Wright,

*Defendants*.†

_____

| | |
|---|---|
| *For Defendant-Appellant:* | Elizabeth Latif, Law Offices of Elizabeth A. Latif PLLC, West Hartford, CT. |
| *For Appellee:* | Emily A. Johnson and David Abramowicz, Assistant United States Attorneys, *for* Damian Williams, U.S. Attorney for the Southern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Wood, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Jason Kortbawi appeals the judgment of the district court entered on March 5, 2021, sentencing him to 30 months in custody followed by two years of supervised release. He had committed arson and failed to comply with drug testing while on supervised release for an earlier conviction, and he fled

† The Clerk of Court is directed to amend the caption as set forth above.

2

the country when his request for release on bond pending a decision on whether he had violated the terms of his supervised release was denied. Kortbawi was apprehended on August 5, 2020, in the Dominican Republic. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review sentences for reasonableness, which "requires an examination of the length of the sentence (substantive reasonableness) as well as the procedure employed in arriving at the sentence (procedural reasonableness)." *United States v. Johnson*, 567 F.3d 40, 51 (2d Cir. 2009). When determining whether a sentence is reasonable, we apply a "deferential abuse-of-discretion standard." *United States v. Yilmaz*, 910 F.3d 686, 688 (2d Cir. 2018). "A district court commits procedural error when it, *inter alia*, makes a mistake in its Guidelines calculation." *Id.* (internal quotation marks omitted). "Review for substantive unreasonableness requires that we consider the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020) (internal quotation marks omitted).

3

Kortbawi argues that his sentence is both procedurally and substantively unreasonable. First, Kortbawi claims that the district court "failed to calculate, and likely misunderstood, the relevant Guidelines range." Appellant's Br. 13. To support this claim, he points to the district court's statement that it was "giving [Kortbawi] a lower sentence than [it] otherwise would" when it imposed an above-Guidelines sentence of 30 months. App'x 62; Appellant's Br. 14. Second, Kortbawi contends that his sentence is substantively unreasonable because of the effect of COVID-19 on prison conditions. Appellant's Br. 16.

We disagree. "[I]n the absence of record evidence suggesting otherwise, we presume that a sentencing judge has faithfully discharged her duty to consider the statutory factors," which includes the Guidelines range under 18 U.S.C. § 3553(a)(4). *United States v. Verkhoglyad*, 516 F.3d 122, 129 (2d Cir. 2008) (internal quotation marks omitted). Kortbawi provides no reason to conclude that the district court did not understand the Guidelines range to be five to 11 months. Both the government and Kortbawi referred to that range in their sentencing memoranda before the district court. App'x 29, 35. When Kortbawi's lawyer requested a "time served sentence" of seven months at the hearing, she

4

represented to the court that she was requesting a "within-guidelines sentence." *Id.* at 48. While the district court did say that it was giving Kortbawi a "lower" sentence in light of the "Covid" issues, that means only that the district court would have sentenced Kortbawi to a sentence higher than 30 months in the absence of COVID-19. *Id.* at 62. The Guidelines are merely advisory, so a sentence can be both higher than the Guidelines range and lower than it would have been absent mitigating circumstances. *See United States v. Degroate*, 940 F.3d 167, 174 (2d Cir. 2019) (noting that it is procedural error to treat the Guidelines as mandatory).[1]

We also disagree with Kortbawi's contention that his sentence is substantively unreasonable. "Our role in patrolling the boundaries of reasonableness is modest." *United States v. Ulbricht*, 858 F.3d 71, 129 (2d Cir. 2017) (internal quotation marks omitted). We do "not consider what weight we would ourselves have given a particular factor" but instead "consider whether the factor, as explained by the district court, can bear the weight assigned it under the totality

---

[1] We decline to reach Kortbawi's alternative argument that his sentence is procedurally unreasonable, raised for the first time in his reply brief, that the district court did not adequately explain his above-Guidelines sentence. "[A]rguments not made in an appellant's opening brief are waived even if the appellant … raised them in a reply brief." *JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005).

of the circumstances in the case." *Id.* (quoting *United States v. Rigas*, 583 F.3d 108, 122 (2d Cir. 2009)). "While a reviewing court may certainly consider the extent of and reasons for a deviation in assessing reasonableness, in the end, it must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Verkhoglyad*, 516 F.3d at 136 (internal quotation marks omitted). Contrary to Kortbawi's assertions, the district court considered "Covid issues" when it imposed the sentence. App'x 62. But the district court also considered that "[a]rson is so serious that [the] sentence has to take that into account, in particular, the danger to the community." App'x 63. That concern falls squarely within the requirement under 18 U.S.C. § 3553(a)(2)(A) to "consider … the need for the sentence imposed … to reflect the seriousness of the offense." Kortbawi has not shown that the district court abused its discretion when it considered issues related to COVID-19 along with his offense characteristics and sentenced him to 30 months' imprisonment.

Kortbawi's remaining arguments are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6