23-6101-cr
*United States v. Rodriguez*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of September, two thousand twenty-three.

Present:

> JOHN M. WALKER, JR.,
> DENNY CHIN,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                              23-6101-cr

MELVIN RODRIGUEZ, AKA YB,

*Defendant-Appellant.*[*]

---

| | |
|---|---|
| For Appellee: | Hagan Scotten, Won S. Shin, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY |
| For Defendant-Appellant: | James M. Branden, Law Office of James M. Branden, Staten Island, NY |

---

[*] The Clerk of Court is respectfully directed to amend the official caption as set forth above.

Appeal from a judgment of the United States District Court for the Southern District of New York (Lewis A. Kaplan, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Melvin Rodriguez appeals from a judgment of the United States District Court for the Southern District of New York (Lewis A. Kaplan, *District Judge*), entered on January 12, 2023, revoking his term of supervised release. On April 24, 2017, Rodriguez pled guilty to a narcotics conspiracy, in violation of 21 U.S.C. §§ 846, 841(b)(1)(C), and was sentenced to two years of imprisonment and three years of supervised release. Rodriguez was released from prison and began his term of supervised release on July 17, 2018. On December 13, 2022, the U.S. Probation Office filed a Second Amended Violation Petition with the district court, which listed nine violations of Rodriguez's terms of supervised release. Specification 1 alleged that Rodriguez failed to report to his probation officer as directed on April 11, 2019. Specifications 2-8 related to an incident on March 31, 2019, where Rodriguez was involved in a violent fight outside of a bar, resulting in the death of one person and serious injury to another. Specification 9 arose from Rodriguez attacking a corrections officer while in state custody. For these two incidents, Rodriguez was prosecuted in state court and ultimately convicted of three counts of assault in the third degree in violation of New York Penal Law 120.00(1). Following his state convictions, Rodriguez admitted four of the charged supervised release violations—Specifications 1, 7, 8, and 9—and the district court sentenced Rodriguez to eighteen months in prison, to be followed by three years of supervised release. The sentence was above the Sentencing Guidelines' recommended range of five to eleven months of imprisonment, but below the two-year statutory maximum. We assume the parties' familiarity with the case.

On appeal, Rodriguez argues that his sentence was substantively unreasonable. "Sentences for violations of supervised release are reviewed under the same standard as for sentencing generally: whether the sentence imposed is reasonable. Reasonableness is reviewed under a deferential abuse-of-discretion standard." *United States v. Smith*, 949 F.3d 60, 65–66 (2d Cir. 2020).[1] We are "particularly deferential" when reviewing the substantive reasonableness of a sentence, setting aside "only those sentences that are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020). Furthermore, "we take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc).

Rodriguez argues that his sentence was substantively unreasonable not only because the district court imposed a sentence above the Guidelines' recommended range of five to eleven months, but also because as a practical matter, Rodriguez will wind up serving more than thirty months as a combined result of the time he spent in state custody that (he contends) was not credited to any state sentence, and the eighteen months imposed by the district court. This argument is unpersuasive. Rodriguez makes no argument that he was entitled to credit toward his federal sentence under 18 U.S.C. § 3585 for any of the time he spent in state custody. His argument is therefore limited to the contention that the district court failed to adequately take into account the overall amount of time that he would spend in custody as a result of his constellation of state and federal violations. But the district court expressly stated that it took into consideration the time that Rodriguez spent in state custody, as it would have otherwise imposed the two-year

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

statutory maximum. App'x at 111. We discern nothing improper about the district court's decision to impose an eighteen-month sentence in these circumstances. *See Cavera*, 550 F.3d at 191.

Rodriguez also argues that the district court inappropriately focused on the severity of his new criminal conduct and criminal history rather than the breach of trust that should be the focus of a sentencing for a supervised release violation. The district court specifically noted, however, that Rodriguez's conduct constituted a "gross breach of trust." App'x at 111. The Specifications to which Rodriguez pled guilty amply support this conclusion, encompassing conduct whereby Rodriguez punched two individuals in a fight, kicked one of them in the head while he was immobilized on the ground, and punched a corrections officer in the face and bit him on the neck. Here, the seriousness of Rodriguez's criminal conduct while on supervised release was one appropriate measure of the extent to which he had breached the court's trust. Moreover, above and beyond any breach of trust, the district court could independently consider the severity of the underlying conduct and Rodriguez's criminal history. 18 U.S.C. § 3583(e); *United States v. Ramos*, 979 F.3d 994, 1003 (2d Cir. 2020). Therefore, given the totality of the circumstances, the sentence imposed was reasonable, and not so "shockingly high" that permitting it to stand "would damage the administration of justice."

\* \* \*

For the reasons stated above, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

4