22-3171-cr
United States v. Gangapersad

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of December, two thousand twenty-three.

PRESENT:  ROBERT D. SACK,
RAYMOND J. LOHIER, JR.,
MARIA ARAÚJO KAHN,
*Circuit Judges.*

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                                           No. 22-3171-cr

MOLISSA GANGAPERSAD,

*Defendant-Appellant,*

RONELL WATSON,

*Defendant.*[*]

------------------------------------------------------------------

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

FOR APPELLEE:    SARA K. WINIK, Assistant United States Attorney (Susan Corkery, Assistant United States Attorney, *on the brief*), *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY

FOR DEFENDANT-APPELLANT:    GARY SCHOER, Syosset, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (William F. Kuntz, II, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Molissa Gangapersad appeals from a December 15, 2022 judgment of the United States District Court for the Eastern District of New York (Kuntz, *J.*) convicting her, after a jury trial, of making false statements to FBI agents in violation of 18 U.S.C. § 1001(a)(2). The District Court sentenced Gangapersad principally to 12 months' imprisonment. On appeal, Gangapersad argues that (1) there was insufficient evidence that her statements to the agents were material, and (2) her sentence was procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts and the record of prior

2

proceedings, to which we refer only as necessary to explain our decision to affirm.

Section 1001(a)(2) provides, in relevant part, that "whoever . . . knowingly and willfully . . . makes any *materially* false, fictitious, or fraudulent statement or representation" to a federal government agency or its agents carrying out an investigation shall be guilty of a crime. 18 U.S.C. § 1001(a)(2) (emphasis added). A statement is material within the meaning of § 1001 "if it has a natural tendency to influence, or [is] capable of influencing, the decision of the decision-making body to which it was addressed, or if it is capable of distracting government investigators' attention away from a critical matter." *United States v. Adekanbi*, 675 F.3d 178, 182 (2d Cir. 2012) (quotation marks omitted); *see United States v. Stewart*, 433 F.3d 273, 318 (2d Cir. 2006).

Gangapersad was convicted of violating § 1001(a)(2) by falsely stating to FBI agents during their investigation that she had not witnessed her boyfriend, Ronell Watson, shoot FBI Special Agent Christopher Harper. On appeal, she argues that there was insufficient evidence that her statements to the agents were "material" within the meaning of § 1001(a)(2).

3

We review a challenge to a conviction based on the sufficiency of the evidence *de novo*, and "must uphold the jury verdict if drawing all inferences in favor of the prosecution and viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Cuti*, 720 F.3d 453, 461 (2d Cir. 2013) (quotation marks omitted). A defendant challenging a conviction on sufficiency grounds bears a "heavy burden." *Id.* (quotation marks omitted).

With these principles in mind, and based on our review of the record, we conclude that there was sufficient evidence presented at trial that Gangapersad's false statements influenced or were "capable of influencing" the FBI's investigation and were thus material. *Adekanbi*, 675 F.3d at 182. At trial, at least two FBI agents testified that Gangapersad's false statements impacted their investigation. For example, Special Agent Schiliro explained that Gangapersad's denial that she had witnessed Watson shoot Special Agent Harper slowed the FBI's search for evidence relating to the shooting. Special Agent Ercolano also testified that he would have handled the investigation differently had Gangapersad not lied. As the District Court noted, Gangapersad's false statements "influenced the investigation by, among other things, diverting the

4

attention of the investigators from searching for the missing firearm, which was never recovered." Appellant's App'x. 51. We therefore affirm Gangapersad's conviction.

Gangapersad next argues that her sentence was procedurally and substantively unreasonable. Where, as here, a defendant fails to raise a procedural challenge at the time of sentencing, we review the procedural reasonableness of the sentence only for plain error. *United States v. Verkhoglyad*, 516 F.3d 122, 128 (2d Cir. 2008). "A sentence is procedurally unreasonable if the district court fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020) (quotation marks omitted).

We conclude that Gangapersad's sentence was procedurally reasonable because the District Court properly calculated Gangapersad's Guidelines range, treated the Guidelines as advisory, considered the § 3553(a) sentencing factors, and imposed a sentence that was supported by the record. Gangapersad argues that the District Court's determination that she "misdirected or impeded the FBI

5

investigation was clearly erroneous, and warrants a remand for resentencing." Appellant's Br. 27. As discussed above, the trial evidence supported the District Court's finding that Gangapersad's false statements were material. Gangapersad also contends that the District Court improperly considered the need to prevent unwarranted sentencing disparities with Watson's 382-month sentence. This argument lacks merit. Section 3553(a)(6) requires a district court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" when determining a defendant's sentence. 18 U.S.C. § 3553(a)(6). Here, the District Court noted Watson's crime and sentence of 382 months, and then concluded that Gangapersad's 12-month sentence "avoids unwarranted sentence disparities." Appellant's App'x 83. The court's reference to Watson's sentence demonstrates its understanding that Gangapersad's conduct was much less egregious than the underlying offense that the FBI agents were investigating. This was not error, let alone plain error.

We further conclude that Gangapersad's sentence was substantively reasonable. "[O]ur review of a sentence for substantive reasonableness is particularly deferential, and we will set aside only those sentences that are so

shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020) (quotation marks omitted).

The District Court determined that the applicable Guidelines range for Gangapersad's offense was zero to six months. It ultimately imposed a sentence of 12 months' imprisonment based on the seriousness of the offense and the need for general deterrence. Gangapersad argues that the District Court nevertheless improperly weighed the § 3553(a) sentencing factors by overemphasizing the circumstances of her offense. But "the weight given to any single factor" is "a matter firmly committed to the discretion of the sentencing judge and is beyond our review." *United States v. Capanelli*, 479 F.3d 163, 165 (2d Cir. 2007) (quotation marks omitted). Gangapersad's 12-month sentence, representing a six-month upward variance from the applicable Guidelines range, was reasonable given the "totality of the circumstances" surrounding her offense. *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc).

We have considered Gangapersad's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court