*United States v. Jefferys*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of April, two thousand twenty-five.

Present:
> MICHAEL H. PARK,
> MYRNA PÉREZ,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                      23-7649

DEVONE JEFFERYS,

> *Defendant-Appellant.*[*]

---

FOR DEFENDANT-APPELLANT:      Jillian S. Harrington, Law Office of Jillian S. Harrington, Monroe Township, NJ.

FOR APPELLEE:      Ryan C. Harris, Amy Busa, *for* Carolyn Pokorny, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY.

---

[*] The Clerk of Court is respectfully directed to amend the caption accordingly.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Matsumoto, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Devone Jefferys originally received an aggregate prison term of 224 months for offenses related to a robbery committed in July 2015.   On remand in light of *United States v. Taylor*, 596 U.S. 845 (2022), the district court resentenced him to an "equivalent" sentence of 224 months.   App'x at 67.   Jefferys now challenges his sentence as procedurally and substantively unreasonable.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.      Procedural Reasonableness

"A sentence is procedurally unreasonable if the district court fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence."   *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020) (quotation marks omitted).   "Moreover, when a defendant fails to object to an alleged sentencing error before the district court, we will ordinarily consider any later objections forfeited on appeal unless the defendant can meet the plain-error standard."   *United States v. Davis*, 82 F.4th 190, 196 (2d Cir. 2023).   To show plain error, a defendant must establish that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected

the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (quotation marks omitted).

At sentencing, Jefferys failed to object to the district court's § 3553(a) analysis. He now argues on appeal that his sentence was procedurally unreasonable because the district court "failed to adequately consider the § 3553(a) factors," the "extreme hardships experienced by inmates during the COVID-19 pandemic," his "genuine efforts at rehabilitation," and his "acceptance of responsibility." Appellant's Br. at 16, 19. We disagree.

The district court gave "respectful consideration to the guidelines and all of the factors set forth at 18 U.S. Code Section 3553(a) (1) through (7)." App'x at 65. It "considered the COVID-19 pandemic and its impact on the prison population." *Id*. at 41. It "commend[ed]" Jefferys for his "efforts" to "better himself in terms of learning and availing himself of educational opportunities and training opportunities" and "tutor[ing] other inmates on the GED." *Id*. And it noted that Jefferys expressed "remorse for his conduct during the robbery." *Id*. at 65. Still, the district court explained that "[n]one of that diminishes from the gravity of the conduct," which it deemed "among some of the worst conduct I have seen during a robbery like this." *Id*. at 47. Jefferys thus fails to show any procedural error—let alone plain error—in the district court's analysis.

## II. Substantive Reasonableness

"We review the substantive reasonableness of a district court's sentence under a deferential abuse-of-discretion standard." *United States v. Gates*, 84 F.4th 496, 504-05 (2d Cir. 2023) (quotation marks omitted). "A sentence is substantively unreasonable when it cannot be located

within the range of permissible decisions, because it is shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Osuba*, 67 F.4th 56, 68 (2d Cir. 2023) (quotation marks omitted). We "vacate a sentence for substantive unreasonableness only in exceptional cases." *Davis*, 82 F.4th at 200 (quotation marks omitted).

Jefferys acknowledges that his sentence is "below the revised Sentencing Guidelines range of 235-293 months." Appellant's Br. at 28. Still, he argues that the sentence is substantively unreasonable because the district court failed to account for the "tragic circumstances" of his childhood, his "accomplishments during his incarceration," his "acceptance of responsibility," and the "deplorable conditions" that he endured during the pandemic. *Id*. But as discussed above, the district court considered his rehabilitation efforts and COVID-19 experience. It also considered at length his "personal characteristics, family history and circumstances," including the "tragic and sympathetic" loss of his parents, his "very challenging" upbringing, his "modest financial circumstances," and the fact that he "has experienced depression" and "entertained self-harm." App'x at 62-63, 66. Indeed, the district court "consider[ed] everything that was submitted on [his] behalf." *Id*. at 71.

Ultimately, the district court imposed its sentence in recognition of the fact that "the circumstances remain very serious and the criminal history remains serious." App'x at 67. As detailed at resentencing, Jefferys perpetrated a "night of horror," "committing sexual abuse during an attempted robbery and [an] abduction." *Id*. at 61, 66. Accompanied by two others, Jefferys broke into an apartment to steal "heroin and money." *Id*. at 49. Once inside the apartment, Jefferys "restrained two of the victims using duct tape" and "pointed his gun at [a] pregnant woman's stomach and threatened to shoot her and the baby." *Id*. He then took another victim

4

"into the basement courtyard," where he "forced her at gunpoint to perform oral sex on him and then vaginally raped her." *Id*. at 50. Moreover, Jefferys has "several prior criminal convictions that count towards hi[s] criminal history score for purposes of resentencing," including an "incident of domestic violence" during which he "struck [a female victim] in the face, punched her, elbowed her and head-butted her." *Id*. at 54-55. Given the "extremely serious" nature of Jefferys's offense, *id*. at 60, and the district court's "very wide latitude to decide the proper degree of punishment," *United States v. DiMassa*, 117 F.4th 477, 482 (2d Cir. 2024) (quotation marks omitted), we find no abuse of discretion in the sentence.

*        *        *

We have considered Jefferys's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5