United States v. Forde

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of June, two thousand twenty-two.

**PRESENT:**

> **ROSEMARY S. POOLER,**
> **ROBERT D. SACK,**
> **MICHAEL H. PARK,**
> *Circuit Judges.*

---

**UNITED STATES OF AMERICA,**

> *Appellee*,

> **v.**                                                                        **21-1496**

**RICARDO FORDE,**

> *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | ALLEGRA GLASHAUSSER, Assistant Federal Defender, Appeals Bureau, Federal Defenders of New York, Inc., New York, N.Y. |
| **FOR APPELLEE:** | ANDREW D. WANG (Saritha Komatireddy, *on the brief*), Assistant United States Attorney, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, N.Y. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Amon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

On January 3, 2019, Defendant Ricardo Forde pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was sentenced to fourteen months' imprisonment and three years of supervised release. Forde's conditions of supervised release required him to maintain full-time employment, to refrain from committing another crime, and to avoid associating with a member or associate of any criminal street gang. In the months following his release, the U.S. Probation Office filed eight charges against Forde alleging violations of supervised release. These included using controlled substances, resisting arrest, obstructing governmental administration, failing to secure full-time employment, and associating with gang members.

On March 15, 2021, Forde pleaded guilty to three of these charges. Specifically, he allocuted to committing the crimes of resisting arrest and obstructing governmental administration under state law, as well as failing to secure full-time employment after release. On June 14, 2021, the district court sentenced Forde to six months of incarceration and an additional two-year term of supervised release—a sentence within the Guidelines range of five to eleven months' imprisonment. Forde filed a timely notice of appeal, and now argues that his sentence was procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

**I.     Procedural Reasonableness**

When reviewing a sentence for procedural reasonableness, we "check the sentence to

ensure . . . that the district court followed the right steps in imposing it." *United States v. Ramos*, 979 F.3d 994, 998 (2d Cir. 2020). "A district court commits procedural error when it fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the [18 U.S.C.] § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Traficante*, 966 F.3d 99, 102 (2d Cir. 2020) (internal quotation marks omitted) (alteration in original). We "apply a lenient abuse-of-discretion standard," which "requires us to take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantage of the district courts." *Ramos*, 979 F.3d at 998 (internal quotation marks omitted). "Where, as here, a defendant does not object at sentencing to a district court's failure to explain its reasoning, we review the procedural challenge for plain error." *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020).[1]

In sentencing a defendant for a violation of supervised release, a district court must weigh several factors including "the nature and circumstances of the offense," "the history and characteristics of the defendant," "the need for the sentence imposed . . . to protect the public," and "the need to avoid unwarranted sentence disparities." 18 U.S.C. § 3553(a); *see id.* § 3583(e). "[T]he degree of specificity required for [the court's] reasons behind [such a] sentence is less than that for plenary sentencing . . . ." *Smith*, 949 F.3d at 66. Further, "a sentence for a violation of supervised release should primarily sanction the defendant's 'breach of trust,' not the conduct constituting the violation itself." *Ramos*, 979 F.3d at 1002 (citation omitted); *see also United*

---

[1] Under plain-error review, the "defendant must establish four elements: (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Ramos*, 979 F.3d at 998 (internal quotation marks omitted).

3

*States v. Edwards*, 834 F.3d 180, 194 (2d Cir. 2016) ("[T]he critical 'subject under consideration' at a revocation proceeding is more than a charged violation; it is the breach of trust manifested by the violation, a matter often dependent on attending circumstances." (citing U.S.S.G. ch. 7, pt. A., introductory cmt. 3(b)).

Forde argues that his sentence was procedurally unreasonable because "the court focused heavily on unproven allegations" that he was associating with gang members. Appellant's Br. at 21. Forde emphasizes that he did not plead guilty to this charge and contends that the district court should not have relied on these allegations without first holding a factual hearing. We disagree that his sentence was procedurally unreasonable.

First, even if we were to assume that the district court erred by relying on the U.S. Probation Office's allegations concerning Forde's association with gang members, Forde could not show plain error because the court's sentence was supported by more than those allegations. At sentencing, the district court referenced the undisputed facts that Forde tested positive for marijuana, "a whole series" of curfew violations, the "obstruction of justice" and "resisting arrest" violations, and his failure to "maintain full-time verifiable employment" after "fail[ing] to comply with [Probation's job readiness] program." App'x at 60, 63. The court then concluded that all this conduct demonstrated "a substantial breach of trust." *Id*. at 64. The district court also weighed mitigating circumstances, stating that it was "willing to give in the sentence some consideration to the fact that" Forde was "making efforts" at rehabilitation. *Id*. at 65. But the court noted that it could not "ignore [Forde's] earlier serious breaches of trust in terms of the nature of the violations he pled guilty to." *Id*. The district court's sentence was thus amply supported by numerous uncontested violations and Forde has failed to show that any error affected his substantial rights.

Second, we are unpersuaded by Forde's reliance on *United States v. Aldeen*, 792 F.3d 247 (2d Cir. 2015). In *Aldeen*, we vacated a sentence for violation of supervised release after concluding that the district court relied on certain unproven facts without making specific findings or holding a factual hearing and significantly deviated upwards from the Guidelines range. *Id.* at 254. The district court was thus "obliged to provide a more substantial justification for its sentence." *Id.* Here, Forde's sentence of six months' imprisonment and two years of supervised release straddled the lower end of the applicable five-to-eleven months Guidelines range. The district court was not required to meet a heightened burden to justify Forde's sentence, and, as noted above, the sentence imposed was justified by Forde's undisputed conduct.

## II. Substantive Reasonableness

To establish substantive unreasonableness, a defendant must show that a sentence "cannot be located within the range of permissible decisions available to a sentencing court." *United States v. Messina*, 806 F.3d 55, 66 (2d Cir. 2015) (internal quotation marks omitted). "[W]e will set aside only those sentences that are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020) (internal quotation marks omitted).

The district court's sentence here was substantively reasonable. Forde pleaded guilty to several supervised release violation charges. His charges for resisting arrest and obstructing governmental administration stemmed from his encounter with the New York Police Department ("NYPD") on April 7, 2020, when NYPD officers found him drinking alcohol from an open container outside his home. The police officers called out to him, and Forde fled inside his apartment. When the officers pursued him, he resisted arrest. Forde also failed to cooperate with

5

efforts by the U.S. Probation Office to assist him in securing employment.[2]  Lastly, Forde conceded at sentencing to failing to abide by his curfew and testing positive for marijuana.  Forde had repeatedly shown a disregard for his supervised release conditions.  The district court's sentence of six months' imprisonment and two years of supervised release—the lower end of the five-to-eleven months Guidelines range—was not outside the range of permissible decisions.

* * *

We have considered all of Forde's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Forde first missed an appointment with a job readiness program scheduled by the U.S. Probation Office.  Then, after he finally reached out for vocational training, Forde failed to appear for his scheduled training appointment.