22-785-cr
*United States v. Lora*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.   CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of November, two thousand twenty-three.

PRESENT:
> DENNY CHIN,
> MICHAEL H. PARK,
> *Circuit Judges,*
> ANNE M. NARDACCI,
> *District Judge.**

---

United States of America,

> *Appellee,*

> v.                                                             22-785

Serrano Rafael De Leon,

> *Defendant,*

Franciso Lora, AKA Jonathan,

> *Defendant-Appellant.*

---

---

\* Judge Anne M. Nardacci, of the United States District Court for the Northern District of New York, sitting by designation.

**FOR APPELLEE:**                    Andrew Rohrbach, Hagan Scotten, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

**FOR DEFENDANT-APPELLANT:**                    James M. Branden, Law Office of James M. Branden, Staten Island, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sullivan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

After six-and-a-half years as a fugitive, Defendant-Appellant Francisco Lora was arrested and pleaded guilty to one count of conspiracy to distribute narcotics in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) and one count of distributing and possessing with intent to distribute 100 grams and more of mixtures and substances containing a detectable amount of heroin in violation of 21 U.S.C. § 841(b)(1)(B). The district court sentenced him to 96 months of imprisonment, which he now challenges as substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

This Court reviews sentencing decisions for reasonableness under a "deferential abuse-of-discretion standard." *United States v. Yilmaz*, 910 F.3d 686, 688 (2d Cir. 2018). Reasonableness review has two components: procedural review and substantive review. *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*). "[R]eview of a sentence for substantive reasonableness is particularly deferential." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012). We will set aside a sentence as "substantively unreasonable only in

2

exceptional cases where the trial court's decision cannot be located within the range of permissible decisions, that is, when sentences are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Aldeen*, 792 F.3d 247, 255 (2d Cir. 2015) (cleaned up), *superseded by statute on other grounds as recognized in United States v. Smith*, 949 F.3d 60, 64 (2d Cir. 2020). This is not such a case.

Lora's 96-month sentence, which was within the 78-97 months Guidelines range, was not substantively unreasonable. Lora was involved in the distribution of nearly 800 grams of heroin over the course of four separate transactions and then fled the country for over six-and-a-half years after he was granted bail. He returned only when he was again arrested. Lora primarily argues that the district court "over-reacted to the severity of the crime and the absconding." Appellant Br. at 10. We disagree. The district court reasonably concluded that Lora's underlying crime was "very serious" because heroin is a "source of destruction for a lot of other people's families." App'x at A171-72. It also noted that Lora's flight "required a lot of effort, a lot of time, a lot of energy to get [him] back here to face the music on a serious crime" and showed "absolute disrespect for this Court, for the law and for the people who stood behind" him, who forfeited a $500,000 recognizance bond. *Id.* at A174. It also considered Lora's health issues and other mitigating factors in crafting its ultimate sentence. Given these considerations, we cannot conclude that this is one of those "exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (cleaned up). The sentence was substantively reasonable.

We have considered all of Lora's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court