*United States v. Parker*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of February, two thousand twenty-four.**

**PRESENT:**
> **DENNY CHIN,**
> **MICHAEL H. PARK,**
> **BETH ROBINSON,**
> > ***Circuit Judges.***

---

**United States of America,**

> ***Appellee,***

> **v.**                                                         **22-3175**

**Justin Parker, AKA Tre,**

> ***Defendant-Appellant.***

---

| | |
|---|---|
| **FOR APPELLEE:** | Jocelyn Courtney Kaoutzanis & Sandra S. Glover, Assistant United States Attorneys, *for* Vanessa Roberts Avery, United States Attorney for the District of Connecticut, New Haven, CT. |
| **FOR DEFENDANT-APPELLANT:** | Sarah Kunstler, Law Offices of Sarah Kunstler, Brooklyn, NY. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Arterton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

On August 1, 2017, Defendant-Appellant Justin Parker was sentenced to 70 months of imprisonment followed by 48 months of supervised release for conspiracy to possess with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846. On July 31, 2020, the district court granted Parker's motion for compassionate release; he had served 52 months of his sentence at that time. But Parker had difficulty complying with the conditions of supervised release. By late 2022, he had accumulated eight charged violations, including for several state crimes and for failing multiple drug tests. Parker pleaded guilty to some of the state charges, including those related to: (1) a March 2021 incident in which he pushed his pregnant girlfriend and struck her in the face; (2) an April 2021 incident in which he pulled a knife on a woman and threw something at her windshield; (3) a December 2021 incident in which someone called the mother of his daughter on his behalf in violation of court orders; and (4) a March 2022 incident in which Parker was pulled over, attempted to flee the scene, and was found in possession of several controlled substances and a large amount of cash.

In December 2022, the district court sentenced Parker for his admitted violations of supervised release. It dismissed the charged violations that were based on dismissed state charges, calculated a Guidelines range of 30-36 months, and imposed a 36-month sentence that would run concurrent with a 30-month sentence imposed by the state court for a drug-related arrest.

The district court also imposed a two-year term of supervised release to follow. Parker now appeals, arguing that his sentence was procedurally and substantively unreasonable. We assume the parties' familiarity with the facts, the procedural posture, and the issues on appeal.

We generally review the reasonableness of a sentence, including one imposed after violations of supervised release, for abuse of discretion. *See United States v. Smith*, 949 F.3d 60, 65-66 (2d Cir. 2020). Parker did not raise his arguments before the district court, and so we review procedural reasonableness for plain error. *See id.* at 66. We have not determined whether unpreserved challenges of substantive unreasonableness receive abuse of discretion or plain-error review. *See United States v. Thavaraja*, 740 F.3d 253, 258 n.4 (2d Cir. 2014). It does not matter here because Parker's sentence was substantively reasonable under either standard.

**I.    Procedural Reasonableness**

When reviewing a sentence for procedural reasonableness, we "check the sentence to ensure . . . that the district court followed the right steps in imposing it." *United States v. Ramos*, 979 F.3d 994, 998 (2d Cir. 2020). "A district court commits procedural error when it fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the 18 U.S.C. § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Traficante*, 966 F.3d 99, 102 (2d Cir. 2020) (cleaned up).

Parker argues that the district court erred in two ways. First, he argues that the court's reference to Parker's "victims" and the "risk to the . . . women you come across" indicates that it improperly relied on the dismissed violations. App'x at 184. This argument fails because even excluding the dismissed violations, Parker's violations involved multiple crimes against multiple

3

women.  Second, Parker argues that the district court miscalculated the sentence reduction he received from his compassionate release because it failed to account for good-time credit.  The district court noted that it had "given you the benefit of some number of months, you served 52 months, it was a 70-month sentence, 18 months off, that was not responded to appropriately." App'x at 184.  But the district court did accurately calculate the sentence reduction that Parker received.  And the record reflects that the district court referred to the "good conduct time," App'x at 183, reflecting its understanding that Parker had received good-time credit.   Parker cannot show that either of the court's challenged statements reflected error, let alone plain error, and so his procedural reasonableness challenge fails.

## II.    Substantive Reasonableness

On a review for substantive reasonableness, this Court upholds a sentence unless it is "so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing [it] to stand would damage the administration of justice." *United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020) (citation omitted); *see United States v. Brooks*, 889 F.3d 95, 100 (2d Cir. 2018) ("Sentences for violations of supervised release are reviewed under 'the same standard as for sentencing generally:   whether the sentence is reasonable.'" (citation omitted)).  A district court must determine its sentence by balancing statutory factors including the "nature and circumstances of the offense," the "history and characteristics of the defendant," "deterrence to criminal conduct," and "protect[ion] [of] the public from further crimes of the defendant."  18 U.S.C. § 3553(a)(1)-(2); *see id.* § 3583(e).

Parker argues that his sentence was substantively unreasonable because the district court failed to consider the progress Parker had made.  This assertion is meritless.  In light of the

4

number and severity of Parker's violations, the fact that his previous sentence had been reduced, and the fact that the sentence was within the Guidelines range, this was not a sentence that was shockingly high. In fact, Parker was already serving a 30-month state-court sentence, so the net effect of his concurrent 36-month federal sentence was only six months. Parker's sentence was substantively reasonable.

We have considered all of Parker's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court