22-2118-cr
United States v. Smith

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand twenty-four.

PRESENT:  JOSÉ A. CABRANES,
　　　　　　RICHARD C. WESLEY,
　　　　　　RAYMOND J. LOHIER, JR.,
　　　　　　　*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

　　　　　*Appellee-Cross-Appellant*,

　　v.　　　　　　　　　　　　　　　　　Nos. 22-2118-cr,
　　　　　　　　　　　　　　　　　　　　22-2217-cr,
　　　　　　　　　　　　　　　　　　　　22-2823-cr

REDDELL SMITH,

　　　　　*Defendant-Appellant-Cross-Appellee*.[*]

------------------------------------------------------------------

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

FOR APPELLEE:                                   RAJIT SINGH DOSANJH,
                                                Assistant United States
                                                Attorney (Nicolas
                                                Commandeur, Assistant
                                                United States Attorney, *on the*
                                                *brief*), *for* Carla B. Freedman,
                                                United States Attorney for the
                                                Northern District of New York,
                                                Syracuse, NY

FOR APPELLANT:                                  GWEN MARTA SCHOENFELD,
                                                Law Office of Gwen M.
                                                Schoenfeld, LLC, New York,
                                                NY

Appeal from judgments of the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgments of the District Court are AFFIRMED in part and VACATED in part, and the case is REMANDED for further proceedings consistent with this order.

Defendant-Appellant-Cross-Appellee Reddell Smith appeals from amended judgments of the United States District Court for the Northern District of New York (Scullin, *J.*) following a remand by this Court for resentencing on Smith's conviction for racketeering conspiracy and violation of supervised release. *See United States v. Hopper*, No. 19-3087-CR, 2022 WL 1566258, at *4 (2d

2

Cir. May 17, 2022). On appeal, Smith argues that the District Court procedurally erred in determining his sentence. The Government cross-appeals, arguing that the District Court erred under Federal Rule of Criminal Procedure 35(a) when, after the resentencing hearing, it changed Smith's prison term for his supervised release violation to run concurrently rather than consecutively with his prison term for his racketeering conspiracy charge. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision.

## I. Procedural Reasonableness

As an initial matter, we note that Smith does not challenge the length of his prison term for the 2018 RICO conspiracy or for his violation of supervised release. We therefore consider only Smith's claim that the District Court misunderstood both the amount of time Smith would serve on his state sentence and its own authority to order his federal prison terms to run concurrently with his state prison term. In addressing each of these claims of procedural error, we keep in mind that where, as here, a defendant fails to raise a procedural challenge at the time of sentencing, we review only for plain error. *United States v. Verkhoglyad*, 516 F.3d 122, 128 (2d Cir. 2008). "A sentence is procedurally

3

unreasonable if the district court fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020) (quotation marks omitted).

Smith first argues that the District Court procedurally erred by basing his sentence on an inaccurate assessment of the time that Smith would serve in state prison for his separate state assault charge. During Smith's resentencing hearing, the District Court, referring to Smith's state prison sentence, stated that "it will be a short period of time before you're back on the street." Sp. App'x 23. Smith contends that this was error because he faced a seven-year state prison term, which "is a long time." Appellant's Br. 21. Smith's argument is unavailing.

Although the District Court stated that Smith would be released in a "short period of time," the court repeatedly confirmed its awareness of the length of Smith's state prison term. For example, Judge Scullin stated that "I'm aware that you do have state prison to serve." Sp. App'x 23. And in response to Smith's statement that he has "seven years to do in the state," Judge Scullin responded, "I know." *Id.* The District Court also noted that it had reviewed "all [of] the

4

submissions made by counsel," Sp. App'x 19, including a submission noting

Smith's seven-year state sentence. At best, as Smith concedes, "it is not clear

what the district court meant" by its statement. Appellant's Br. 21. For these

reasons, we conclude that it did not commit plain error.

Smith adds that the District Court's assertion that it had "nothing to do

with the state sentence" suggests that the court misunderstood its discretion to

impose concurrent federal and state sentences. Appellant's Br. 22. We disagree.

At the resentencing, the District Court confirmed that it was "aware" that it

could impose concurrent sentences. Sp. App'x 11–12. The Government's

sentencing submission also informed the District Court that concurrent federal

and state sentences was an option. Smith's challenge thus fails.

## II. Rule 35(a)

The Government cross-appeals, arguing that the District Court

procedurally erred "under Rule 35(a) . . . when, two weeks after Smith's

resentencing and revocation hearing, it ordered Smith's revocation term of

imprisonment to run concurrently[,]" rather than consecutively to his prison

term for his racketeering conspiracy charge. Appellee's Br. 61. Rule 35(a)

"authorizes correction only of obvious errors, and was not meant to allow the

5

district court to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines, or to reconsider the application or interpretation of the sentencing guidelines, or simply to change its mind about the appropriateness of the sentence." *United States v. DeMartino*, 112 F.3d 75, 79 (2d Cir. 1997) (cleaned up) (discussing former Rule 35(c), now Rule 35(a)). "[A] district court's second thoughts with regard to the severity of the defendant's sentence, no matter how well intentioned, are not the sort of error that Rule [35(a)] was designed to remedy." *Id.* (quotation marks omitted).

Here, two weeks after Smith's resentencing hearing, the District Court's staff emailed the parties that "[a]fter reviewing the Judgment and Commitment, the Judge is *reconsidering* his sentence of having the defendant's violation sentence run consecutively with the sentence in [the racketeering conspiracy charge], and instead would have it run concurrently." Gov. App'x 003 (emphasis added). Smith did not object; the Government, however, maintained that it would be "procedurally improper" to modify the announced sentence at that time. *Id.* The District Court then issued a text order stating: "Pursuant to Rule 35(a), the Court hereby corrects Defendant Reddell Smith's sentence, which was

6

imposed in clear error and hereby ORDERS that Defendant's sentence [for his violation of supervised release charge] shall run concurrently with the sentence [for his racketeering conspiracy charge]." App'x 15. This violated Rule 35(a).

Following our earlier remand, the District Court pronounced that Smith's sentences would run consecutively. The District Court confirmed its ruling in a text order dated August 30, 2022. Without identifying any legal error, the District Court later stated that it was "reconsidering" Smith's sentence and soon thereafter imposed concurrent federal sentences. Gov. App'x 003. Rule 35 prohibits a sentencing court from modifying a sentence "simply because further reflection has caused it to have a change of heart." *United States v. Abreu-Cabrera*, 64 F.3d 67, 69 (2d Cir. 1995).

We accordingly vacate the District Court's order imposing a concurrent sentence and remand to the District Court for it to impose the consecutive sentence it pronounced at Smith's resentencing hearing. *See id.* at 76.

We have considered the parties' remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED in part and VACATED in part, and the case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court