22-3003-cr
*United States v. Yates*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of March, two thousand twenty-four.

PRESENT:
> ROBERT D. SACK,
> DENNY CHIN,
> JOSEPH F. BIANCO,
> > *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                                  22-3003-cr

MANUEL ENRIQUE YATES,

> *Defendant-Appellant*.

---

| | |
|---|---|
| FOR APPELLEE: | Ni Qian, Assistant United States Attorney (Kaylan Lasky and James Ligtenberg, Assistant United States Attorneys, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, New York. |
| FOR DEFENDANT-APPELLANT: | Daniel M. Perez, Law Offices of Daniel M. Perez, Newton, New Jersey. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Naomi Reice Buchwald, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on November 22, 2022, is **AFFIRMED**.

Defendant-Appellant Manuel Enrique Yates appeals from the district court's judgment, following a four-day trial in which a jury found Yates guilty of one count of conspiracy to distribute and possess with intent to distribute 400 grams and more of fentanyl, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). The evidence at trial established that, in February 2021, after an undercover agent posing as a narcotics trafficker arranged with two individuals for the purchase of eight kilograms of fentanyl, which would be delivered to New York City by a tractor trailer coming from the western United States, agents seized approximately ten kilograms of fentanyl from Yates's tractor trailer at the Vince Lombardi Service Area in New Jersey, finding eight kilograms of fentanyl in a red suitcase and an additional two kilograms of fentanyl in another area of the truck's cabin.

Yates was sentenced to 180 months' imprisonment, to be followed by five years' supervised release. On appeal, Yates, through counsel, challenges the procedural and substantive reasonableness of his sentence. In a supplemental *pro se* brief, Yates separately argues that: (1) the district court improperly denied his motion to suppress; (2) the trial evidence was insufficient to demonstrate that he conspired to distribute narcotics and that venue was proper in the Southern District of New York; and (3) the government's summation violated his due process rights. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## I.  Yates's Sentence

Yates argues that the district court committed procedural error at sentencing by failing to calculate his United States Sentencing Guidelines ("Guidelines") range.  Moreover, Yates contends that the 180-month sentence is substantively unreasonable in light of the factors under 18 U.S.C. § 3553(a).  We address each argument in turn.

### A.  Procedural Reasonableness

"A sentence is procedurally unreasonable if the district court fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the [Section] 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020) (internal quotation marks and citation omitted).  Although the reasonableness of a sentence is typically reviewed under a "deferential abuse-of-discretion standard," *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)), where, as here, the defendant raises the procedural challenge for the first time on appeal, we review the sentence for plain error, *United States v. Davis*, 82 F.4th 190, 196 (2d Cir. 2023).[1]

Yates argues that the district court committed procedural plain error because it failed to calculate his range under the Guidelines and to resolve the dispute over whether the two-level enhancement for obstruction of justice, U.S.S.G. § 3C1.1, applied.  At sentencing, both sides agreed that Yates's advisory Guidelines range was 151 to 188 months' imprisonment without the

---

[1]  To show plain error, Yates must establish that "(1) there is an error (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected [his] substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (alteration adopted) (internal quotation marks and citation omitted).

two-level obstruction enhancement, and was 188 to 235 months' imprisonment with the two-level obstruction enhancement. The government argued that the enhancement applied because Yates committed perjury when he testified at the suppression hearing, whereas Yates disputed that contention. The district court stated that it "[did]n't find it necessary to resolve the issue, because the sentence that [it] would give is not influenced by which [G]uidelines range is applicable." App'x at 167. Although Yates contends that the district court plainly erred in failing to resolve the dispute regarding the applicability of the obstruction enhancement, we disagree.

We have repeatedly held that "precise calculation of the applicable Guidelines range may not be necessary in making a sentencing determination [as] [s]ituations may arise where either of the two Guidelines ranges, whether or not adjacent, is applicable, but the sentencing judge, having complied with [S]ection 3553(a), makes a decision to impose a [certain] sentence, regardless of which of the two ranges applies." *United States v. Dhafir*, 577 F.3d 411, 415 (2d Cir. 2009) (alterations adopted) (internal quotation marks and citation omitted); *see also United States v. Borrego*, 388 F.3d 66, 69 (2d Cir. 2004) (reasoning that "when the dispute at issue has no bearing on the determination of the sentence duration, district courts need not rule on disputes concerning offense level adjustments"). Therefore, "disputed sentencing issues need not be resolved where the sentencing court (i) could, consistent with the Guidelines, have imposed the same sentence regardless of the outcome of the dispute, and (ii) indicates that it would have done so." *Id.*

Those are exactly the circumstances present here. Yates suggests that the unresolved dispute regarding the obstruction enhancement left the district court's sentence "unanchored." Appellant's Br. at 28. However, the district court made clear that it had used the Guidelines as a starting point and that, "given the confluence of the [differing] [G]uidelines" ranges at 188 months' imprisonment, it "[did] not find it necessary to resolve the issue" regarding the obstruction

4

enhancement. App'x at 167. In other words, here, as in *Dhafir* and *Borrego*, the district court concluded that its determination of the sentence under the Section 3553(a) factors was not impacted by which of the two ranges applied. *See Borrego*, 388 F.3d at 69–70 (emphasizing that "to require the court to rule on issues which would have no effect on the sentence would merely require performance of a meaningless academic exercise" and that "[t]he court is not obliged to waste its time making findings that would have no effect on the sentence or on the appeal").

Accordingly, the district court did not commit any procedural error, no less plain error, in declining to resolve the dispute regarding the obstruction enhancement.

## B. Substantive Reasonableness

Yates also argues that his 180-month sentence was "shockingly high" and substantively unreasonable because the district court failed to give sufficient weight to certain mitigating factors, overstated his involvement in the offense, and "engaged in a hypothetical 'mathematical exercise' to justify a sentence greater than necessary." Appellant's Br. at 24, 35. We disagree.

As with procedural reasonableness, we review the substantive reasonableness of a sentence under a "deferential abuse-of-discretion standard." *Cavera*, 550 F.3d at 189 (internal quotation marks and citation omitted). Under this standard of review, "we will set aside only those sentences that are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020) (internal quotation marks and citation omitted). Therefore, this Court will set aside a district court's substantive determination only when its decision "cannot be located within the range of permissible decisions or is based on a clearly erroneous factual finding or an error of law." *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007) (internal quotation marks and citation omitted). Although we do not presume that the applicable Guidelines range is

5

reasonable, "[i]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Perez-Frias*, 636 F.3d 39, 43 (2d Cir. 2011) (per curiam) (internal quotation marks and citation omitted).

The district court specifically addressed several mitigating factors raised by Yates during the sentencing. For example, the district court acknowledged that his father had died when he was young and that Yates was concerned about the well-being of his own children, but then noted that this was not his first conviction and that Yates had continued to engage in criminal conduct despite the impact his absence may have on his children. The district court also specifically addressed Yates's contention that a substantial mitigating factor was his limited role as the driver for the fentanyl shipment:

> [W]hile the suggestion has been made that Mr. Yates was just a driver and should be sentenced accordingly, the Court cannot ignore what Mr. Yates' cargo was. It was 9.94 kilograms, almost 10 kilograms, of fentanyl. And as the government points out, based on [the] government's statistical information, as little as 2 milligrams of fentanyl can be fatal. So, to do the math, 9.94 kilograms of fentanyl could potentially kill 4,970,000 people. That is, roughly, the populations of San Francisco and Los Angeles combined. That is truly serious, and there is no argument that Mr. Yates would have had no idea of how much drugs he was carrying.

App'x at 168. Although Yates argues that this comment "suggest[s] Yates's crime was somehow on the same level as killing the entire populations of Los Angeles and San Francisco," Appellant's Br. at 36, that argument is entirely without merit. To the contrary, the district court explicitly explained that this "mathematical exercise" was merely intended to "illustrate[] how serious [Yates's] crime is and . . . the need for the sentence to serve the purpose of general deterrence," and thus reflected proper consideration of the Section 3553(a) factors. App'x at 168–69; *see also United States v. Roy*, 88 F.4th 525, 532 (4th Cir. 2023) ("District courts are . . . permitted to give

6

voice to the ills faced by the communities . . . . In this case, the court was well within its discretion to emphasize the dangerousness of fentanyl when ensuring that the sentence reflected the seriousness of the offense, provided just punishment, and served as an adequate deterrent to future criminal conduct.").

Thus, the district court reasonably determined that, notwithstanding these mitigating circumstances, the 180-month sentence was necessary to properly balance all of the Section 3553(a) factors. That determination, on this record, is "within the range of permissible decisions," *Rigas*, 490 F.3d at 238, and is not "shockingly high" or "otherwise unsupportable as a matter of law," *Muzio*, 966 F.3d at 64. In the end, Yates disagrees with the district court's balancing of these factors and the weight it accorded to each. *See, e.g.*, Appellant's Br. at 2 (arguing that the district court "gave insufficient weight to Yates's personal circumstances"); *id*. at 36 (arguing that "[t]he district court failed to attribute sufficient weight" to his limited role in the offense). However, "the weight to be given any § 3553(a) factor[] is a matter firmly committed to the discretion of the sentencing judge and is beyond our appellate review, as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." *United States v. Florez*, 447 F.3d 145, 158 (2d Cir. 2006) (alteration adopted) (internal quotation marks and citation omitted).

Accordingly, we conclude that the sentence was substantively reasonable.

## II.     Supplemental *Pro Se* Brief

In his supplemental *pro se* brief, Yates challenges his conviction based upon: (1) the district court's denial of his motion to suppress; (2) the purported insufficiency of the evidence supporting venue in the Southern District of New York and the conspiracy elements; and (3) allegedly improper comments made by the government during summation. As set forth below, we have considered these arguments and find in them no basis for reversal.

7

## A. Denial of Motion to Suppress

"When reviewing the grant or denial of a motion to suppress, we apply a *de novo* standard of review of the district court's conclusions of law and a deferential, clear-error standard of review of the district court's findings of fact." *United States v. Smith*, 967 F.3d 198, 204 (2d Cir. 2020). "To the extent that a district court's determination may involve a mixed question of law and fact, we apply *de novo* review, including to any ultimate determination whether the established facts satisfy the relevant legal standard." *Id*. at 205. Under the "automobile exception" to the warrant requirement of the Fourth Amendment, law enforcement officers are permitted "to conduct a warrantless search of a readily mobile vehicle where there is probable cause to believe that the vehicle contains contraband." *United States v. Navas*, 597 F.3d 492, 497 (2d Cir. 2010). Probable cause requires "only a 'fair probability' that contraband or evidence will be found." *United States v. Gaskin*, 364 F.3d 438, 457 (2d Cir. 2004) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).

Here, the district court correctly determined that the agents had probable cause to search Yates's truck, even before the narcotics-detection dog was deployed and gave a positive indication for the odor of narcotics at the driver's side of the truck, because the agents knew that: (1) his truck had arrived at the Vince Lombardi Service Area at approximately the same time that the individual (who used the name "Mike"), with whom the undercover agent was communicating regarding the fentanyl shipment, said the truck would arrive at that location; (2) the truck had an Arizona license plate, consistent with the area code for Mike's phone; (3) a law enforcement database indicated that the registered owner of the truck (*i.e.*, Yates) was previously involved in cocaine trafficking and a bulk currency seizure, and that the truck itself may have been used to smuggle narcotics; (4) Yates advised the agents that his truck had been involved in an accident in Pennsylvania three days earlier, which was consistent with the information provided by Mike about

8

the fentanyl delivery; and (5) Yates was visibly nervous and locked the door behind him when he stepped out of the truck to speak to the agents. Under the totality of the circumstances, these facts were sufficient to support a finding that there was a "fair probability" that contraband was contained in the truck. *Gaskin*, 364 F.3d at 457. Thus, probable cause existed for the search and there is no basis to disturb the district court's denial of the suppression motion.

## B. Sufficiency of the Evidence

"We review *de novo* challenges to the sufficiency of the evidence" on appeal. *United States v. Hassan*, 578 F.3d 108, 122 (2d Cir. 2008). In doing so, "[w]e analyze the evidence in the light most favorable to the prosecution, crediting every inference that the jury may have drawn in the government's favor." *Id*. (internal quotation marks and citation omitted). Where, as here, a defendant failed to preserve his challenge to the jury's verdict, we review for plain error. *See United States v. Muniz*, 60 F.3d 65, 67 (2d Cir. 1995).

Applying that standard, we conclude that there was more than sufficient evidence from which a rational jury could find that Yates knowingly participated in a conspiracy to distribute fentanyl, including the seizure of approximately ten kilograms of fentanyl from his truck and records of communications between Yates and an individual known as "Pedro" in close temporal proximity to the calls between the undercover agent and Mike about the location of the truck delivering the fentanyl. Yates argues that the government did not provide sufficient evidence to prove the true identity of his co-conspirators and that he (Yates) was the only one indicted for the crime. But no such details are required to support a conviction. *See Rogers v. United States*, 340 U.S. 367, 375 (1951) ("Of course, at least two persons are required to constitute a conspiracy, but the identity of the other members of the conspiracy is not needed, inasmuch as one person can be

9

convicted of conspiring with persons whose names are unknown."); *accord United States v. Bicaksiz*, 194 F.3d 390, 399 (2d Cir. 1999).

We find Yates's challenge to the sufficiency of the evidence regarding venue similarly unavailing. For conspiracy charges, "venue is proper in any district in which an overt act in furtherance of the conspiracy was committed." *United States v. Tzolov*, 642 F.3d 314, 319–20 (2d Cir. 2011) (internal quotation marks and citation omitted). "It is beyond question that telephone calls can constitute overt acts in furtherance of a conspiracy." *United States v. Rommy*, 506 F.3d 108, 120 (2d Cir. 2007). "Because venue is not an element of a crime, the government need establish it only by a preponderance of the evidence." *United States v. Ramirez*, 420 F.3d 134, 139 (2d Cir. 2005).

Here, the recorded phone calls from the undercover agent, while in the Bronx, to Mike regarding the fentanyl shipment and meeting in New York to complete the drug sale were sufficient to satisfy the venue requirement, including the reasonable inference that it was foreseeable to Yates that the drug transaction would occur in the Southern District of New York. *See Rommy*, 506 F.3d at 122–23.

In sum, Yates's challenges to the sufficiency of the evidence are without merit.

### C. Government's Summation

"[A] defendant who seeks to overturn his conviction based on alleged prosecutorial misconduct in summation bears a 'heavy burden.'" *United States v. Farhane*, 634 F.3d 127, 167 (2d Cir. 2011) (quoting *United States v. Feliciano*, 223 F.3d 102, 123 (2d Cir. 2000)). "Flaws in the government's summation will require a new trial only in the rare case in which improper statements—viewed against the entire argument to the jury—can be said to have deprived the defendant of a fair trial." *United States v. Caracappa*, 614 F.3d 30, 41 (2d Cir. 2010). "Where, as

here, the defendant did not object at trial to the statements forming the basis of his [prosecutorial misconduct claim], the plain error standard applies . . . ." *United States v. Williams*, 690 F.3d 70, 75 (2d Cir. 2012). On plain error review, a new trial is not warranted absent "flagrant abuse which seriously affects the fairness, integrity, or public reputation of judicial proceedings, and causes substantial prejudice to the defendant." *Id*. (internal quotation marks and citation omitted).

Although Yates quotes four sentences from the government's summation regarding venue, he fails to explain, nor can we discern, why these statements were improper. The prosecutor accurately summarized the law and evidence, and permissibly argued that the jury should draw certain inferences from that evidence. *See United States v. Casamento*, 887 F.2d 1141, 1189 (2d Cir. 1989) ("The government has broad latitude in the inferences it may reasonably suggest to the jury during summation."). In short, because Yates has failed to identify any misconduct during the government's summation, there is no basis for a new trial.

*       *       *

We have considered Yates's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

11