23-6395-cr
*United States v. Ramos*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of May, two thousand twenty-four.

Present:

> RICHARD C. WESLEY,
> WILLIAM J. NARDINI,
> BETH ROBINSON,
>     *Circuit Judges*.

---

UNITED STATES OF AMERICA,

    *Appellee*,

v.                                                                    23-6395-cr

ROGELIO RAMOS,

    *Defendant-Appellant*.

---

| | |
|---|---|
| For Appellee: | Michael S. Barnett, Joshua Rothenberg, Assistant United States Attorneys, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY |
| For Defendant-Appellant: | Molly K. Corbett, Assistant Federal Public Defender, Albany, NY |

Appeal from a judgment of the United States District Court for the Northern District of New York (Lawrence E. Kahn, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Rogelio Ramos appeals from a judgment of the United States District Court for the Northern District of New York (Lawrence E. Kahn, *District Judge*), entered on April 19, 2023, revoking Ramos's supervised release and sentencing him to ten months of imprisonment followed by three years of supervised release following his guilty plea to a violation of his supervised release conditions. Nine years earlier, in 2014, Ramos had pled guilty to nine counts related to his participation in a racketeering conspiracy and was sentenced to 102 months of imprisonment followed by five years of supervised release.

In November 2021, while on supervised release, Ramos was charged by state authorities with second-degree assault with intent to cause injury to an officer, disorderly conduct, fighting/violent behavior, and resisting arrest. These charges stemmed from his involvement (while outside the judicial district without permission as required by his then-existing supervised release terms) in a physical altercation in which he was "actively punching [two men] with closed fists," had refused law enforcement's orders to stop fighting, had actively resisted arrest, and had "allegedly bit[] one of the officers in the right forearm, causing a deep laceration and heavy bruising." App'x 15.

Based on this conduct, the U.S. Probation Office filed a revocation petition charging Ramos with two violations of his supervised release conditions: (1) committing another federal, state, or local crime, and (2) leaving the judicial district without permission. In March 2022, Ramos pled guilty to the second violation, and the district court revoked Ramos's supervised

2

release and imposed a sentence of ten months of imprisonment followed by three years of supervised release. The district court also granted the government's motion to dismiss the first violation. Ramos appealed, and the government conceded that the district court had not adequately explained its reasoning for the sentence, so this Court vacated and remanded for *de novo* resentencing.

In April 2023, the district court resentenced Ramos to the same sentence—ten months of imprisonment, which was effectively time served based on the duration of Ramos's intervening incarceration, and three years of supervised release. Ramos now appeals, challenging the three-year term of supervised release as procedurally and substantively unreasonable. We assume the parties' familiarity with the case.

"Sentences for violations of supervised release are reviewed under the same standard as for sentencing generally: whether the sentence imposed is reasonable." *United States v. Smith*, 949 F.3d 60, 65–66 (2d Cir. 2020).[1] Reasonableness is "a particularly deferential form of abuse-of-discretion review that we apply both to the procedures used to arrive at the sentence (procedural reasonableness) and to the length of the sentence (substantive reasonableness)." *United States v. Davis*, 82 F.4th 190, 195–96 (2d Cir. 2023). "[W]here a defendant fails to raise his procedural objections at the time of sentencing," including that the district court failed to adequately explain its reasoning, "we review for plain error." *United States v. Degroate*, 940 F.3d 167, 174 (2d Cir. 2019); *see also Smith*, 949 F.3d at 66. "To establish plain error, a defendant must demonstrate that: (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the defendant's substantial rights, which in the ordinary case means it affected

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alteration marks, footnotes, and citations.

the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Degroate*, 940 F.3d at 174.

Imposition of supervised release is governed by 18 U.S.C. § 3583, which provides that in imposing a term of supervised release, the district court must consider certain of the factors set forth in 18 U.S.C. § 3553(a), specifically: "the nature and circumstances of the offense"; "the history and characteristics of the defendant"; the promotion of deterrence; the protection of the public from further crimes of the defendant; providing the defendant with necessary "educational or vocational training, medical care, or other correctional treatment"; "any pertinent policy statement"; avoiding sentencing disparities; and providing restitution to any victims. 18 U.S.C. § 3553(a); *see id.* § 3583(c). A district court must also "state in open court the reasons for its imposition of the particular sentence." *Davis*, 82 F.4th at 196 (quoting 18 U.S.C. § 3553(c)).

Ramos argues that the supervised release term is unreasonable because (1) the district court did not adequately explain its reasons; (2) the district court improperly considered rehabilitation; (3) the district court's reasons were unsupported by the record; and (4) a three-year term is too long given Ramos's recent history and certain of his positive personal characteristics. We disagree and instead conclude that the three-year term of supervised release is neither procedurally nor substantively unreasonable.

First, because Ramos failed to object at the sentencing hearing to the adequacy of the district court's explanation, we review that challenge for plain error. The district court explained that supervised release "serves [the] purpose" of "help[ing] [Ramos] and [his] family." App'x 53. It further stated while imposing special conditions of supervised release related to substance abuse that such conditions are justified due to Ramos's "substance abuse history," including that he was "intoxicated at the time of [his] most recent arrest." *Id.* 53–54. This explanation also came against

4

the backdrop of the court's stated reasons for imposing the ten-month term of imprisonment, including the "seriousness of [Ramos's] breach of the Court's trust" and the need "to protect the public from further crimes" based on the seriousness and violent circumstances of Ramos's violative conduct. *Id.* 51–52. Taking all these stated justifications together, the district court's explanation was not so deficient as to be plainly erroneous. *See United States v. Cassesse*, 685 F.3d 186, 192 (2d Cir. 2012) (holding that the district court's relatively brief statement of reasons for its imposition of supervised release at a revocation sentencing was not plainly erroneous, noting that "the length and detail required of a district court's explanation varies according to the circumstances," and where "the sentence concerns a violation of supervised release and the ultimate sentence is within the recommended range, compliance with the statutory requirements can be minimal").

Second, Ramos's invocation of *Tapia v. United States*, 564 U.S. 319 (2011), to argue that the district court cannot consider rehabilitation in determining the length of a supervised release term is inapt. *Tapia* held that "a court may not impose or lengthen a *prison* sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation." *Id.* at 335 (emphasis added). But that holding has no application to non-penal sentences like supervised release. In fact, *Tapia* itself acknowledges that courts may take rehabilitation into account when imposing supervised release. *See id.* at 330 (observing that the Sentencing Reform Act "instructs courts, in deciding whether to impose probation or supervised release, to consider whether an offender could benefit from training and treatment programs" (citing 18 U.S.C. § 3583(c)).

Third, Ramos's argument that the record does not support the district court's conclusions that he "needed help" and "posed a risk to reoffend," Appellant's Br. at 26, is unavailing. Ramos focuses on several mitigating factors, including that he "rejoined his family, fully filling his role

5

as father," "secured full-time employment[,] and participated in his counseling requirements." *Id.* But the district court explained that in July 2022, Ramos was convicted in state court of a criminal offense arising out of the above-described violent physical altercation with two men, resisting arrest, and biting a police officer (hard enough to cause serious injury) while intoxicated. Therefore, the district court's conclusion that despite taking some positive forward steps, Ramos needed further rehabilitation and still posed a risk of recidivism was sufficiently tethered to the record. *See* App'x 49 ("I recognize that Mr. Ramos has been doing well in regards to employment, family, and all that. I also have to hold him accountable for the situation here.").

Last, Ramos contends that the length of the imposed term of supervised release—three years—was not warranted under the applicable sentencing factors. Although the government requested only a one-year term, the three-year term imposed is not so "shockingly high" as to constitute an "exceptional case[]." *Davis*, 82 F.4th at 200. And to the extent Ramos takes issue with the manner in which the district court weighed the applicable factors, such balancing is unreviewable here since the sentence is otherwise procedurally and substantive reasonable. *See id.* at 203 ("[T]he weight to be afforded any sentencing factor is a matter firmly committed to the discretion of the sentencing judge and is beyond [this Court's] review, so long as the sentence ultimately imposed is reasonable.").

\* \* \*

We have considered all of Ramos's remaining arguments and find them unpersuasive. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

6